## WHITE, Warden, v. BURKE.
### No. 191.

Circuit Court of Appeals, Tenth Circuit.

Aug. 11, 1930.

COTTERAL, Circuit Judge, dissenting.

L. E. Wyman, Asst. U. S. Atty., of Topeka, Kan. (S. M. Brewster, U. S. Atty., of Topeka, Kan., on the brief), for appellant.

Biddle & Biddle, of Leavenworth, Kan., for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

On June 12, 1928, the appellee, Gene Burke, was convicted in the District Court of the United States for the Southern District of Texas, Galveston Division, upon an indictment containing four counts, charging violations of the National Prohibition Law (27 USCA). The sentence of the court read, in part, as follows:

"That he (appellee) be imprisoned in the U. S. penitentiary situated at Leavenworth, in the District of Kansas, for the term and period of two (2) years on counts one and four of the indictment. * * *

"It is further ordered that nine (9) months of the penitentiary sentence above imposed be suspended for a period of five years conditioned, that defendant shall not violate any other law, or be caught in any place where intoxicating liquors are possessed, manufactured, sold or otherwise handled in violation of law."

Such sentence began to run June 12, 1928. On June 27, 1929, appellee filed an application for a writ of habeas corpus alleging that, when proper deductions were made of ninety days on account of good conduct and the nine months suspended sentence, he was entitled to be released from the penitentiary. The warden filed a motion to dismiss the petition and deny the writ of habeas corpus. The trial court overruled this motion, granted the petition for habeas corpus and directed that the appellee be discharged from custody. The warden has appealed.

Counsel for the warden contend that the district court was without power to require the serving of a portion of the sentence of imprisonment, as a condition of probation, and that the order of probation is therefore void.

Counsel for the appellee contend that the instant case is ruled by White v. Steigleder (C. C. A. 10) 37 F.(2d) 858. In that case, the defendant was convicted on eight counts. He was sentenced to serve a term of one year and one day and to pay a fine of $2500 on the first count. He was further sentenced to serve a term of five years and to pay a fine of $100 on each of the other counts. The sentences on counts two to eight, inclusive, were to run concurrently with each other and were to begin at the expiration of the sentence on the first count. Prior to the time the defendant began to serve such sentence, the court suspended the execution of the sentence on counts two to eight, inclusive, and placed the defendant on probation. In the instant case, the court imposed one sentence of two years on the first and fourth counts of the indictment and undertook to suspend the execution of the last nine months of such sentence and to place appellee on probation after he had served fifteen months of such sentence. Under the facts, we think the instant case is distinguishable from the Steigleder case.

The question presented involves the construction of section 724, Title 18, U. S. Code (18 USCA § 724), which reads, in part, as follows:

"The courts of the United States having original jurisdiction of criminal actions, * * * shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend * * * and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. * * * *"

It will be observed, under the above Act, that district courts are given the power

(1) "To suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best" or

(2) to "impose a fine and * * * also place the defendant upon probation in the manner aforesaid."

The broad language of that part of the statute, above set forth in paragraph (1), might be construed to give authority to suspend, in part, the execution of a sentence of imprisonment; but the language, above set forth in paragraph (2), shows that such was not the intent of Congress. It is altogether unlikely that Congress would expressly give the power to require the payment of a fine and to place the defendant on probation, and leave to implication the power to require the serving of a portion of a term of imprisonment and to place the defendant on probation. The grant of express power to impose the lesser punishment, namely, the payment of a fine, excludes the power to impose the greater punishment, namely, the serving of a period of imprisonment, as a condition of probation. Archer v. Snook (D. C. Ga.) 10 F.(2d) 567.

Furthermore, when the appellee reached the penitentiary he became subject to the power of the Parole Board and could have been placed on parole after he had served one-third of his sentence and before he had complied with the requirements of the district judge as a condition to his probation. These facts make pertinent what was said by the Supreme Court in U. S. v. Murray and Cook v. U. S., 275 U. S. 347, 356, 357, 48 S. Ct. 146, 149, 72 L. Ed. 309.

"The Probation Act gives power to grant probation to a convict after his conviction or after a plea of guilty, by suspending the imposition or suspending execution of the sentence. This probation is to be after conviction or plea of guilty. The question is— Before what time must it be granted? Two answers to this latter question are possible. It must be either grantable at any time during his whole sentence or be limited to a time before execution of the sentence begins. If the first answer is adopted, it would confer very comprehensive power on the district judges in the exercise of what is very like that of executive clemency in all cases of crime or misdemeanor. It would cover in most cases

the period between the imposition of the sentence and the full execution of it. It would cover a period in which not only clemency by the President under the Constitution might be exercised but also the power of parole by a board of parole abating judicial punishment to the extent of two-thirds of it as to all crimes punishable by imprisonment for more than one year. It seems quite unlikely that Congress would have deemed it wise or necessary thus to make applicable to the same crimes at the same time three different methods of mitigation. * * * A more reasonable construction is to reconcile the provisions for probation, parole, and executive clemency, making them as little of a repetition as we can."

It is true that in the Murray and Cook Cases the orders of probation were made long after the sentences had been imposed and after execution thereof had commenced, still the reasons which impelled the construction in those cases are applicable here. If an overlapping of the Parole Act (18 USCA §§ 714–723) by the Probation Act (18 USCA §§ 724–727) and clashes between the orders of district courts and of Parole Boards are to be avoided, the Parole Act must not be construed to give authority to district courts to require the serving of some portion of a sentence of imprisonment, as a condition of parole.

Therefore, it is our conclusion that the court was without power to impose the requirement, as a condition of probation, that the appellee should serve some portion of his sentence of imprisonment. It follows that the order of probation was void.

While we do not think that, on account of the void order of probation, the appellee should be required to serve the remaining nine months of the sentence, we are powerless to relieve the appellee therefrom. His recourse must be to the executive branch of the government for parole or pardon. In order to afford appellee an opportunity to seek such relief, the mandate will be withheld for ninety days. See Ex parte United States, 242 U. S. 27 at 52, 53, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355.

The judgment is reversed and the cause remanded with instructions to sustain the motion to dismiss the petition and to deny the writ of habeas corpus.

COTTERAL, Circuit Judge (dissenting).

I agree that this case does not involve the question decided in White v. Steigleder, but I am unable to concur in the holding that the Probation Act does not confer the power, before sentence has begun, to grant probation or suspend sentence, to be effective after a partial service of the sentence.

The power has only the limitation in the statute that it shall be "after conviction or after a plea of guilty or nolo contendere." Because after commencement of sentence it would be concurrent with an executive pardon or parole, the interpretation was given to the statute in U. S. v. Murray and Cook v. U. S., that it was not so intended by Congress. The order of probation preceded the sentence term in this case, when the power to grant it was unlimited, and the punishment was within the discretion of the court. It was the equivalent of a lesser sentence, ending at the date of the probation, where doubtless it was thought by the court to be more prudent, for sufficient reasons. It would be no more persuasive to contend that the original power of pronouncing sentence is in conflict with that of the executive. The latter might have intervened before the probation date as a relief from punishment. But it affords no sound reason why the trial court may not before sentence begins make an order of probation effective in the future. The statute contains no restriction against it. I therefore dissent from the conclusion of the majority.