### UNITED STATES v. PRAXULIS et al.
### SAME v. CASCIATO et al.
Nos. 40863, 40963.

District Court, W. D. Washington, N. D.
March 6, 1931.

In cause No. 40863, the defendant was by another judge ordered into the custody of the Attorney General, or his agents, for imprisonment in the county jail for the period of one year, and it is further ordered that after the defendant had served three months of this sentence that probation be granted, on condition that defendant abide by the laws. The marshal is instructed to carry the sentence into execution.

In cause No. 40963, a similar order was entered. The defendant was placed by the Attorney General in the Road Camp at Camp Lewis.

After having served three months and after the expiration of the term of court in which sentence was imposed, each defendant moves the court (giving the period of service and demand for, and refusal to, release after three months) and prays "summary order directed against the keeper of the prison at Fort Lewis, Washington."

It is stipulated by the United States attorney and the attorney for the defendants, movants herein, that the motion shall be treated as a petition to show cause why writ of habeas corpus should not issue.

The government moves to dismiss. The government contends that the part of the judgment "that probation be granted" is surplusage and was beyond the power of the court to impose; while the defendants contend that the statute provides that "the courts of the United States shall have power * * * to place the defendant upon probation for such period and upon such terms and conditions as they may deem best"; and this provision is comprehensive, remedial, and should be liberally construed.

Anthony Savage, U. S. Atty., and Cameron Sherwood, Asst. U. S. Atty., both of Seattle, Wash.

Henry Clay Agnew, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above).

This court has always exercised control of its judgments during the term, and has on occasion, on extraordinary circumstances, where the court was not fully advised as to indigent circumstances of defendant's family, reduced a sentence by amendment; this being a judicial act. This power has been approved by the Supreme Court of the United States in United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. —— (decided January 5, 1931).

This court has in the commitments suggested that if the behavior of the defendant warrants, he be paroled when one-third of the sentence is served. The Parole Act (title 18, §§ 714–723, USCA) and the Probation Act (title 18, §§ 724–727, USCA) have each a special function. The Parole Act may become operative after one-third of the sentence is served (section 1 [18 USCA § 714]). The Probation Act may be invoked after conviction (section 1 [18 USCA § 724], supra), and the court may revoke or modify any condition of probation, not to exceed five years. United States v. Murray, 275 U. S. 347, at page 353, 48 S. Ct. 146, 72 L. Ed. 309. The court has such jurisdiction only as is expressly conferred and by section 724, supra, is limited, after conviction, (a) to suspend imposition of sentence, or (b) execution of the sentence and place the defendant on probation for such period and upon such terms and conditions as it may deem best. United States v. Murray, 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309. See, also, Ex parte United States, 242 U. S. 27, 37 S. Ct.

72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129. Execution was not suspended, but execution was expressly directed, and after a stated period execution to be arrested. The court has not power to arrest execution of sentence after the sentence is closed, and defendant having passed from the court's jurisdiction by delivery to the Marshal to carry sentence to execution, by a restrictive provision to take effect in the future, which amounts to a commutation of sentence or conditional pardon, which is the province of the Executive Department. Article 2, § 2, cl. 1, Const., gives the President the power to grant pardons, and by this grant of power he may grant conditional pardon. In re Wells, 59 U. S. (18 How.) 307, 15 L. Ed. 421. In United States v. Murray, 275 U. S. 347–358, 48 S. Ct. 146, 72 L. Ed. 309, the Supreme Court says:

" 'The parole laws and pardoning power of the President are not adequate to meet the need for a probation system. * * * The result of long experience with the probation system shows that it is far easier to reclaim an unhardened early offender without commitment to a prison than after it. * * *' * * *

"The great desideratum was the giving to young and new violators of law a chance to reform and to escape the contaminating influence of association with hardened or veteran criminals in the beginning of the imprisonment. Experience had shown that there was a real locus poenitentiae between the conviction and certainty of punishment, on the one hand, and the actual imprisonment and public disgrace of incarceration and evil association on the other. * * * The avoidance of imprisonment at time of sentence was therefore the period to which the advocates of a Probation Act always directed their urgency. Probation was not sought to shorten the term. Probation is the attempted saving of a man who has taken one wrong step and whom the judge thinks to be a brand who can be plucked from the burning at the time of the imposition of the sentence. The beginning of the service of the sentence in a criminal case ends the power of the court even in the same term to change it. Ex parte Lange, 18 Wall. 163 [21 L. Ed. 872]. Such a limit for probation is a natural one to achieve its end."

See, also, White v. Burke (C. C. A.) 43 F.(2d) 329.

▉▉ The remedy which the Congress sought by the Probation Act is fully disclosed by the Supreme Court in United States v. Murray, supra; and the Probation Act was intended by the Congress to supply a deficiency, and not to supersede or trespass upon the Parole Act or pardoning power. The judgment of the court, being a judicial act, is "in the breast of the court," making it, subject to be amended and modified or vacated by the court during the term. Goddard v. Ordway, 101 U. S. 745, 25 L. Ed. 1040. The court has not power to make an order by reservation, to take effect at a future time when the court, at such future time, would be powerless to make the order. This is inferred in United States v. Benz, supra.

The remedy of defendants is by parole or pardon. Writs denied.