## UNITED STATES v. ANTINORI.
### No. 6400.

Circuit Court of Appeals, Fifth Circuit.
June 1, 1932.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla.

Wm. M. Gober, of Tampa, Fla., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

On June 10, 1929, appellee, Paul Antinori, pleaded guilty to several counts of an indictment charging violations of the Narcotic Act (26 USCA §§ 211, 691 et seq.). A sentence of four years' imprisonment in the Atlanta penitentiary was imposed on each count, the sentences to run concurrently. The judgment further provided that the execution of sentence be suspended for four years and Antinori be placed on probation on terms stated.

At a subsequent term, on June 9, 1931, on motion of the United States Attorney, suggesting that Antinori was guilty of transporting and possessing intoxicating liquor, in violation of the National Prohibition Act (title 2, § 3 [27 USCA § 12]), his probation was revoked, but the court, as appears from the order, found that he had not been guilty of any violation of the Narcotic Act, and that the offense of transporting and possessing intoxicating liquor did not warrant the imposition of a four years' sentence. The judgment was modified, and he was sentenced to be imprisoned in the county jail for a period of twelve months.

It is not disputed that the court had jurisdiction to suspend the sentence, but it is contended by the government that the court was without jurisdiction and authority to reduce the sentence from four years to twelve months after the expiration of the trial term, notwithstanding the provisions of the probation laws.

The Probation Law, Act March 4, 1925, as amended, so far as necessary to quote, provides:

Section 1 (18 USCA § 724):

"The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years."

Section 2 (18 USCA § 725):

"When directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable.

"At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

Conceding that, under the well-established rule, the District Courts of the United States cannot amend or set aside a final judgment

after the term at which it is entered, unless a proceeding for that purpose was begun during the term, U. S. v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129, it could not be questioned that Congress could change the rule by statute.

The Probation Act is remedial. Its history and intent are discussed in U. S. v. Murray, 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309, to which we may refer without repeating what was there said. As is well expressed in the act itself, the law is designed to vest the trial judges with discretion to extend mercy to the defendant when the ends of justice and the best interests of the defendant and the general public would be subserved thereby. The act gives the trial court authority to suspend either the imposition or execution of sentence and to place the defendant upon probation upon conditions. If, in a shorter time than provided by the order, it should appear that the defendant has rehabilitated himself and become a useful citizen, the court may terminate the proceedings against him. On the other hand, if he has not so conducted himself as to warrant that action, but there is still hope of his redemption in the future, the term of probation may be extended, of course, within the five years' limitation of the act. If the offender has violated the terms of his probation, he may be brought into court, the probation may be terminated, and punishment may be imposed.

Suspension of sentence implies that a threat of punishment is held over the offender to compel him to lead an honest upright life with the hope that he will acquire the habit of good citizenship. It also implies that the jurisdiction of the court over the case and over the defendant is continued until the suspension of sentence is terminated, either by the final discharge of the defendant or by the imposition of punishment. If it were otherwise, the threat would not be effective.

The terms of the District Courts throughout the United States vary greatly. In each court the commencement of the term is fixed by statute. It necessarily ends with the beginning of a new statutory term, but it may be adjourned by the judge at any time. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797. In hardly any case would the trial term continue as long as the period of sus-

pension. If jurisdiction of the case ended with the term, the probation law would be useless. There could be no doubt, both by the letter and intent of the Probation Act, that jurisdiction of the court is continued after the term over a case in which the sentence is suspended, for the purpose of terminating the proceeding and discharging the defendant or setting aside the probation and reinstating the original sentence.

We are not required to decide whether a suspended sentence may be increased and refrain from doing so. However, it is within the inherent power of a court to amend a sentence and reduce the imprisonment within the term. This does not infringe the pardoning power of the executive and is not in conflict with the Parole Law (18 USCA § 714 et seq.); U. S. v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354.

Really, when probation is revoked, the punishment then imposed is more for its violation than for the original offense. In imposing sentences that are suspended, courts are apt to make the term of imprisonment longer, in order to make the threat more potent, than if the sentence were to be immediately served. It is therefore a very merciful provision, consonant with the spirit of the law, that, in revoking a suspended sentence, the court may impose a new sentence. In many cases the court may deem it just to reduce the term of imprisonment. Assuredly Congress could provide by statute for the retention of jurisdiction beyond the trial term for that purpose, and could also provide that the sentence might be reduced. We think that in enacting the Probation Act Congress has done so.

We are not advised of any federal decision on the precise question here involved, but the federal act is modeled after the New York statute which contains similar provisions as to the imposition of a new sentence. The following cases construing the New York act tend to support the conclusion we have reached and are persuasive: People v. Ottaway, 129 Misc. Rep. 120, 220 N. Y. S. 671; People v. Livingston, 135 Misc. Rep. 475, 239 N. Y. S. 122; People ex rel. Woodin v. Ottaway, 247 N. Y. 493, 161 N. E. 157.

The record presents no reversible error.

Affirmed.