## UNITED STATES v. GREENHAUS.*
### No. 473.

Circuit Court of Appeals, Second Circuit.

Aug. 3, 1936.

Joseph Brill, of New York City (Theodore E. Wolcott, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Lester C. Dunigan, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The appellant Greenhaus was convicted in the District Court for violating sections 338 and 88 of title 18 of the United States Code (18 U.S.C.A. §§ 88, 338). There were fourteen substantive counts for devising a scheme to defraud through the use of the mails, and one conspiracy count. On March 6, 1931, the appellant was sentenced by Judge Knox as follows:

*Writ of certiorari denied 57 S. Ct. 192, 81 L. Ed. ——.

"Three years on counts 1–3–5–7–9–11–13.

"Two years on count 15 to run concurrently.

"Five years on counts 2–4–6–8–10–12–14 concurrently.

"Sentence on even numbered counts to begin at the expiration of sentence on odd numbered counts. Sentence on even numbered counts suspended during good behavior and defendant to report to probation officer and on condition that defendant violate no State or Federal Law, that he behave himself well and shall not engage in any shape or form in any stock or bond sale."

Under the foregoing judgment the appellant began to serve his sentence at Atlanta. He was released from prison on December 17, 1934, and directed to report to a probation officer to whom he made semimonthly personal reports.

On the 10th of February, 1936, a petition was filed in the District Court by the chief probation officer for the Southern District of New York, which recited that the appellant had "again returned to the crime for which he was placed on probation, namely, illicit sale of securities, and is now wanted for violation of the New Jersey Securities Act for the embezzlement of $20,000 * * *." Upon the petition a bench warrant was issued for his arrest and a hearing had before Judge Byers, at which testimony was taken, and it was ordered that his probation should be revoked and that he should be committed to the custody of the Attorney General for imprisonment in a federal penitentiary or prison camp for a period of three years and eight months.

The appellant has appealed from the order revoking his probation and directing that he be committed to prison. The chief basis of his appeal is that after the court had directed a prison sentence under the odd numbered counts, it no longer had any power to suspend the execution of sentence and invoke the Probation Act (18 U.S.C.A. §§ 724–727) in respect to the even numbered counts. He argues that because of the invalidity of the suspension and probation under the even counts that the sentence itself was void and that he should be discharged from custody.

If the suspension of execution of the sentence on the even numbered counts in the indictment was lawful, there certainly was every justification for the action of the chief probation officer. The proof was ample that Greenhaus shortly after release from serving his prison sentence left the jurisdiction of the court without permission and actively engaged in swindling. We are satisfied, however, that the suspension of sentence and accompanying probationary control were not lawful, and while under our view of the law that fact cannot result in any benefit to Greenhaus, it becomes important to determine the powers of the courts to suspend sentences and admit to probation in future cases that may arise.

In United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, it was held that where a person had begun to serve his sentence, the court was without power under the Probation Act (18 U.S.C.A. §§ 724–727) to suspend further execution and grant probation even though in that case the term at which sentence was imposed had not expired. The ground of the decision was that the probation system was inaugurated in order to give first offenders a chance to mend their ways and to that end they should be kept out of prison and not subjected to the contaminating influence of hardened criminals who are serving their terms. Following the reasoning of that decision, it has been held that where sentence is suspended and probation follows it cannot be made conditional on serving a prior sentence. White v. Burke (C.C.A.) 43 F.(2d) 329; United States v. Praxulis (D.C.) 49 F.(2d) 774, and Archer v. Snook (D.C.) 10 F.(2d) 567. Doubtless the language of the Probation Act was capable of a broader construction as indeed Taft, C. J., intimated in his opinion in United States v. Murray, 275 U.S. 347, 358, 48 S.Ct. 146, 72 L.Ed. 309; but we think that the reasoning of that decision settled the law that probation cannot be made conditional upon serving a prior portion of a sentence both on the grounds we have mentioned and also because such a mode of construing the act might subject defendants to conflicting disciplines by the courts, the Executive, and the parole board. More than that, it would result in confusion in determining the rates of commutation of sentence to be applied under the Commutation Act, § 1. U.S.C. § 710, title 18 (18 U.S.C.A. § 710).

If in the present case there had been a single sentence with suspension and probation as to part, the decision in United States v. Murray, 275 U.S. 347, 48 S.Ct.

146, 72 L.Ed. 309, would clearly apply. The question here is whether to treat the original sentences as essentially for a single term, or as entirely separate judgments for separate terms. If they are to be treated as for a single term, then the suspension with probation was unlawful under United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309. We are inclined to the view that so far as the Probation Act is concerned the sentences are to be regarded as for a single term.

In many situations separate sentences have been so treated. In Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 781, 48 L.Ed. 1110, a sentence for a single term given when there were two counts was sustained though it was unapportioned as between the counts. Peckham, J., remarked that: "Although for some purposes the different counts in an indictment may be regarded as so far separate as to be in effect two different indictments, yet it is not true necessarily and in all cases." The decision in Myers v. Morgan, 224 F. 413 (C.C.A.8), involving a like state of facts, was to the same effect. Cf. Ex parte De Bara, 179 U.S. 316, 21 S.Ct. 110, 45 L.Ed. 207; In re Henry, 123 U.S. 372, 8 S.Ct. 142, 31 L.Ed. 174, and Freeman v. United States, 227 F. 732 (C.C.A.2). In the foregoing cases there were convictions on several counts with but a single sentence.

Under the former mail fraud statute (R.S. § 5480), Congress, by providing for a single sentence, recognized that a judgment of conviction entered upon several counts was essentially for only a single term. In the Commutation Act, § 1 (U.S. Code, § 710, title 18 [18 U.S.C.A. § 710]), Congress based the deduction allowed prisoners for good behavior upon the aggregate of their sentences where two or more have been imposed under various counts. Similarly in legislating for the parole of prisoners who have served one-third of their sentences, Congress has made the eligibility of a prisoner for parole dependent on serving "one-third of the total of such term or terms for which he was sentenced." (18 U.S.C. § 714 [18 U.S.C.A. § 714]).

In Thompson v. United States, 204 F. 973 (C.C.A.9), it was held that a sentence on one count for one year and on another for six months permitted imprisonment in a penitentiary because, though the sentence on neither count was for more than a year, yet the two sentences should be regarded as a single sentence for the purposes of the statute providing for imprisonment in a penitentiary in cases where the imprisonment imposed was for more than one year.

In United States ex rel. Mignozzi v. Day, 51 F.(2d) 1019, 1020, we had before us the question whether an alien could be deported on the ground that he had been "sentenced more than once to * * * a term of imprisonment" of one year or more, when the alleged plural sentences consisted of separate impositions of imprisonment on counts in two indictments which were to run concurrently. A majority of the court held that there was but one sentence within the meaning of the deportation statute. See, also, Gillespie v. Walker (C.C.A.) 296 F. 330.

In White v. Burke, 43 F.(2d) 329, 331, a majority of the Circuit Court of Appeals of the Tenth Circuit adopting the grounds upon which United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, was decided, held that where a convict was sentenced to be imprisoned for the term of two years on counts 1 and 4 of an indictment charging violations of the National Prohibition Law (27 U.S.C.A. § 1 et seq.), but it was ordered that nine months of the sentence so imposed be suspended during good behavior, the court was without power to require that a portion of the sentence should be served as a condition of probation. Although in that case the court thought it unjust that the defendant should be required to serve the remaining nine months of his sentence where the order of probation was void it said that it was "powerless to relieve * * * therefrom. His recourse must be to the executive branch of the government for parole or pardon." In discussing the Murray decision, Phillips, J., said that the reasons which impelled the construction in that case were applicable and that if an overlapping of the Parole Act by the Probation Act and clashes between orders of the District Courts and of the parole boards were to be avoided, the Parole Act should not be construed to give authority to District Courts to require the serving of some portion of a sentence of imprisonment as a condition of parole. See, also, United States v. Praxulis (D.C.) 49 F.(2d) 774; Archer v. Snook (D.C.) 10 F.(2d) 567.

Assuming that we are correct in our conclusion that for the purposes of the Probation Act there was here but one sen-

tence, it follows from Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann.Cas. 1917B, 355, that it was the duty of the District Court to vacate the order of probation and enforce the sentence. This it has in effect done by ordering the defendant to prison. In Ex parte United States, supra, which was decided prior to the passage of the Probation Act, the Supreme Court held that the trial court was without power to suspend sentence and directed it to vacate its order of suspension thereby enforcing the sentence, but meanwhile stayed the issue of the writ of mandamus in order to enable the defendant to apply for Executive clemency.

It is true that in White v. Steigleder, 37 F.(2d) 858, the Circuit Court of Appeals for the Tenth Circuit treated sentences on different counts as completely separate for purposes of the Probation Act and allowed a defendant who had served his sentence on some of the counts to be admitted to probation on other counts as to which execution of the sentence had been suspended. With all deference, we cannot accede to the views of the learned court in White v. Steigleder, supra, for the reason that the decision seems to us to involve all the conflicts and confusion in administration between the courts, the Executive, and the parole board which the construction placed upon the Probation Act in United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, was intended to prevent.

In view of United States v. Murray, supra, we hold that the proper interpretation of the Probation Act requires us to treat the sentences in the case at bar as constituting a single sentence. Under the above interpretation, the execution of sentence on the even numbered counts could not be suspended and probation granted. It follows from Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann.Cas.1917B, 355, that the appellant was properly committed to serve his sentence under the even numbered counts of the indictment.

In order to give the appellant the opportunity to apply for Executive clemency to the President or the parole board, the mandate of this court will be withheld and will not issue to the District Court for ninety days.

Order affirmed.