## UNITED STATES v. GREENHAUS.

Circuit Court of Appeals, Second Circuit.

April 20, 1937.

Joseph Brill, of New York City (Theodore E. Wolcott, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Lester C. Dunigan, Asst. U. S. Atty., of New York City, of counsel), for United States.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This is a motion by the appellant Greenhaus to amend the mandate of this court which has been withheld under our opinion in United States v. Greenhaus, 85 F.(2d) 116, 107 A.L.R. 630, to give him an opportunity to apply for Executive Clemency, which has now been denied. The judge in the court below sentenced him for the following terms:

"Three years on counts 1-3-5-7-9-11-13.

"Two years on count 15 to run concurrently.

"Five years on counts 2-4-6-8-10-12-14 concurrently,

"Sentence on even numbered counts to begin at the expiration of sentence on odd numbered counts. Sentence on even numbered counts suspended during good behavior and defendant to report to probation officer * * *."

An appeal was taken by Greenhaus from the judgment of conviction which was thereafter affirmed by this court. He began to serve his sentence on August 19, 1932, and was released from the penitentiary at Atlanta on December 17, 1934, and thereupon began to serve his probation sentence of five years. Upon complaint of his behavior by the probation officer a bench warrant issued for his arrest in February, 1936, and after a hearing before Judge Byers his probation was revoked, and on April 9, 1936, he was ordered committed to the federal penitentiary at Atlanta for a period of three years and eight months. Upon appeal, we held that the District Court had no power after committing Greenhaus to prison for a term of three years to suspend sentence and to grant probation for the term of five years. Accordingly we affirmed the order of Judge Byers revoking his probation and committing him to the penitentiary for what was supposed to be the remainder of his term because, under the decision of the

Supreme Court in United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, the suspension was invalid. The question raised by the present motion is for what further period Greenhaus must be imprisoned.

The warden at Atlanta in releasing Greenhaus from prison before the expiration of the term of three years, and Judge Byers in committing him to the penitentiary for three years and eight months, each plainly went on the theory that there were two essentially separate periods of sentence—on the odd-numbered counts for three years and on the even-numbered counts for five years, the latter to begin at the expiration of sentence on the odd-numbered counts. We held that for the purposes of the Probation Act (18 U.S.C. A. §§ 724–727) the sentences were to be treated as a single sentence of eight years and that for that reason no part of any sentence could lawfully be suspended. United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309. The difficulty with treating them as separate, as the order of commitment of Judge Byers apparently did, is that such treatment would affect the rate of commutation. In respect to the rate of commutation the statute views sentences for consecutive terms as a single sentence. 18 U.S.C.A. § 710.

 The appellant has already served a sentence upon the total period of eight years from August 19, 1932, to December 17, 1934. His time also ran from December 17, 1934, to April 9, 1936, when he was again ordered committed to prison. Accordingly, he is entitled to a credit upon the aggregate of eight years of the time from December 17, 1934, to April 9, 1936, as well as from August 19, 1932, to December 17, 1934, when he was actually in prison, because he was discharged on December 17, 1934, "without any contributing fault on his part." White v. Pearlman, 42 F.(2d) 788, 789 (C.C.A.10). The period during which he has remained in New York in the House of Detention resisting the order of Judge Byers for reimprisonment at Atlanta cannot be counted upon his aggregate sentence. Resistance to that order was a matter of his own choice, and he was not in the position of one committed to a jail "to await transportation to the place at which his sentence is to be served." 18 U.S.C.A. § 709a. If Judge Byers misconstrued the time of termination of the consecutive sentences, the appellant could have begun further to serve his sentence and when in prison at Atlanta could test his rights under the commutation statute by a writ of habeas corpus. He is entitled to no credit for the time spent in the House of Detention and must serve the remainder of his term which will be eight years less the time between August 19, 1932, and April 9, 1936, which is to be credited upon the aggregate period of eight years. If he is entitled to any commutation deductible from the remaining period for which he is sentenced he will receive it from the warden of the penitentiary or otherwise in accordance with law. We are not in a position to determine what his commutation may amount to in view of circumstances which may arise and do not attempt to pass upon the question.

The order of Judge Byers committing the appellant to the federal penitentiary at Atlanta for three years and eight months is so modified as to commit him to Atlanta to serve the balance of a total term of eight years after crediting thereupon the period from August 19, 1932, to April 9, 1936, and without prejudice to any rights of commutation to which he may be entitled by law.