**REMER, Superintendent of Prison Camp, v. REGAN.**

**No. 9053.**

Circuit Court of Appeals, Ninth Circuit.

May 26, 1939.

Rehearing Denied June 30, 1939.

John A. Carver, U. S. Atty., and E. H. Casterlin, Asst. U. S. Atty., both of Boise, Idaho, Frank Griffin, Asst. U. S. Atty., of Kellogg, Idaho, James P. O'Brien, Sp. Asst. to Atty. Gen., and A. E. Gottshall, of Washington, D. C., for appellant.

Daniel C. Regan, in pro. per.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

The appellee, on April 16, 1934, was sentenced to serve a period of one year and one day on the first count of an indictment and two years on the remaining counts. The execution of said two year sentence was suspended for three years and defendant placed on probation at the expiration of the service of sentence on the first count. He began to serve sentence on February 17, 1934, and at the expiration of his term less deductions for good conduct he was released on January 26, 1935, to the custody of the probation officer in pursuance of the original sentence.

During the probationary period the appellee was arrested for violation of his probation and brought before the court for such violation. The court set aside the probation and sentence and resentenced the defendant to three years imprisonment. On February 6, 1937, he began to serve this sentence.

If the sentence of the year and a day and that of two years under the original judgment ran concurrently, as appellee contends, he was entitled to release and the order of the trial court directing his release was correct.

More than two years has now elapsed since the appellee was returned to custody and he would be entitled to his release even if the sentences ran consecutively unless the order of the court increasing his sentence from two to three years on the second counts was correct.

The appellee, on August 29, 1938, filed a petition for writ of habeas corpus in the United States District Court for the District of Idaho. He claimed in his petition that the sentence for one year and one day on the first count and two years on the remaining counts of the indictment, ran concurrently, and that the time he served before his release, plus what he has served since his return to prison, had completed the service of the two year term, less allowances for good conduct. His contention was based upon the proposition that the portion of the sentence releasing him on probation at the expiration of the sen-

tence of a year and a day was void and the resentence for a greater term than two years on the other counts was invalid. This contention was based on the decision of the Circuit Court of Appeals for the Second Circuit in United States v. Greenhaus, 85 F.2d 116, 107 A.L.R. 630, wherein it was held that a sentence on several counts of an indictment was a single sentence and, hence, under the decision of the Supreme Court in United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, and, under the law authorizing probation (18 U.S.C.A. § 724) probation could not be granted upon some of the counts of the indictment with imprisonment upon other counts of the indictment. The appellee argued that inasmuch as the probationary feature of the sentence imposed upon him was invalid he was required to serve only for the period specified in the sentence.

He contended that the two periods (one year and a day, and two years) ran concurrently. However, on September 5, 1938, before the return to the writ, the sentences had expired even if they did not run concurrently. On September 16, 1938, the trial court released the prisoner upon the ground stated in his order "that the petitioner has served the full terms of one year and one day and two years which expired on the 5th day of September, 1938, upon allowance of good time." The trial court cited no authorities and wrote no opinion, but it was conceded in the argument before us that this decision was based upon the decision of the Circuit Court of Appeals for the Second Circuit in United States v. Greenhaus, supra, although the Circuit Court of Appeals for the Tenth Circuit had held to the contrary. White v. Steigleder, 37 F.2d 858. If that decision of the Second Circuit Court of Appeals were correct, the decision of the trial court releasing the appellee was right. However, that decision was overruled by the Supreme Court on February 7, 1938 (Cosman v. United States, 303 U.S. 617, 58 S.Ct. 527, 82 L.Ed. 1083), on an appeal from a decision of the Circuit Court of Appeals for the Second Circuit, 94 F.2d 1020, wherein that court had followed its previous decision in United States v. Greenhaus, supra.[1] Apparently this decision of the Supreme Court was not called to the attention of the court below, nor is it apparent from the face of the decision of either the Supreme Court or the Circuit Court of Appeals in Cosman v. United States, that the same question is involved, as was decided in the case of United States v. Greenhaus, supra.

The appellee's original contention that the imposition of an increased sentence, after violation of his probation, was a violation of his rights against double punishment and double jeopardy, under the Fifth Amendment of the Constitution, U.S. C.A., was based upon the theory that the court lost power to increase the sentence after he began to serve his sentence on the first count. This contention is met by the proposition that the probationary sentence is separate and distinct from the sentence of imprisonment imposed upon the first count of the indictment. Under the probation act an increase of sentence is expressly authorized by the statute (18 U.S.C.A. § 725) and, consequently, it is potentially a part of the original sentence. The original sentence was, therefore, valid. Cosman v. United States, supra; Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282.

[1] The point involved is stated in Commerce Clearing House Reports (1938, No. 730) as follows: "The petitioner was found guilty under an indictment in four counts. On the first count he was sentenced to fourteen months in the penitentiary, and on the second, third and fourth counts, two years, with execution on the latter counts suspended and the petitioner placed on parole for two years, such period to begin when the sentence on count one expired. The petitioner was paroled from the penitentiary, and, upon a charge that he had violated his probation, was later summarily committed by the district judge to serve the sentence of two years theretofore imposed on counts two, three and four of the indictment. The district judge found that the petitioner had not violated his probation, but that he was compelled by the case of United States v. Greenhaus, 2 Cir., 85 F.2d 116, 107 A.L.R. 630; Id., 2 Cir., 89 F.2d 634, to sign the order recommitting the petitioner, and that he had no authority to pass the type of sentence hereinbefore mentioned. This order was affirmed by the circuit court. Petitioner contends that the court erred in holding that the trial court could not suspend execution of sentence on separate counts, and in holding that the district judge could summarily commit the petitioner to serve the unexpired portion of his suspended sentence without giving the petitioner a hearing, when it is admitted that the terms of the probation were not violated."

706

The appellee's contention that the increase of the suspended sentence of two years to a sentence of imprisonment for three years was invalid is predicated upon the contention that the probationary portion of the original sentence was invalid and, consequently, that the court had no power to impose a new or different sentence after he had begun the service of the sentence on the first count. He apparently concedes that under the decision of the Circuit Court of Appeals for the Second Circuit in United States v. Moore, 101 F.2d 56, certiorari denied 59 S.Ct. 788, 83 L.Ed. ——, the imposition of an increased sentence would be authorized by the probation law (18 U.S.C.A. § 725), if the original suspended sentence herein is valid.

We agree with the decision of the Circuit Court of Appeals of the Second Circuit in United States v. Moore, supra. We, therefore, hold that the original sentence imposed upon the appellee was valid and that the resentence increasing the term of imprisonment on the other counts was valid (18 U.S.C.A. § 725). That term not having expired the decision of the trial court is reversed.