**WATKINS v. MERRY, Superintendent of U. S. Reformatory.**

**No. 1859.**

Circuit Court of Appeals, Tenth Circuit.

Aug. 14, 1939.

Laynie W. Harrod, of Oklahoma City, Okl., for appellant.

George H. McElroy, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Shawnee, Okl., and Wade H. Loofbourrow, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Watkins pleaded guilty to an indictment returned in the United States District Court for the Southern Division of the Southern District of California charging a violation of 18 U.S.C.A. § 317. On January 17, 1936, the District Judge pronounced the following sentence:

"It is the judgment of the court that defendant Lee Watkins be imprisoned for the term and period of five (5) years in a Federal penitentiary to be hereafter designated by the Attorney General of the United States, or such representative as he may authorize to act, and said sentence of imprisonment is suspended and the defendant placed on probation .for five (5) years upon the condition that he serve the first eleven months of said sentence in the Riverside County Jail."

On the same day a commitment was issued reading in part as follows:

"And, Whereas, on the 17th day of January, A. D. 1936, * * * said Lee Watkins was, for said offense of which he

stood convicted as aforesaid by the judgment of said Court, ordered to be confined in the Riverside County Jail for the term and period of eleven (11) months."

Pursuant to the commitment Watkins was incarcerated in the Riverside County Jail for a period of eleven months. Thereafter, he was charged with a violation of the order of probation and after a hearing the probation order was revoked and the following judgment was entered:

"And Now, to-wit: this 10th day of January, A. D. 1938, all and singular the premises being seen and by the Court here fully understood, it is ordered and adjudged that the defendant Lee Watkins, for the crime of which he stands convicted, to-wit: violation of Title 18, U.S.Code, Sec. 317, 18 U.S.C.A. § 317 (robbery of U. S. Mails) be revoked, and that the original sentence imposed by the Court on January 16, 1936, be executed, to-wit: that the defendant be imprisoned and confined in a Federal Penitentiary to be hereafter designated by the Attorney General of the United States, or such representative as he may authorize to act, for the term and period of five (5) years; and said sentence of imprisonment was suspended and the defendant placed on probation for five (5) years upon the condition that he serve the first eleven (11) months of said sentence in the Riverside County Jail, which said first eleven (11) months have been served, leaving a remainder of four (4) years and one (1) month to be served in the Federal Penitentiary as above set forth."

"It is further ordered by the Court that a certified copy of this judgment issue to the United States Marshal in lieu of a commitment."

Pursuant to a certified copy of the last-mentioned judgment Watkins is now confined in the United States Southwestern Reformatory at El Reno, Oklahoma. Watkins has appealed from an order denying a petition for habeas corpus.

Watkins contends that the first commitment constituted the judgment and sentence of the court, and that he fully served that sentence in the Riverside County Jail and is entitled to discharge. This contention is without merit. The judgment is the pronouncement of the court from the bench. The clerk's entry is not the judgment but merely the formal evidence thereof.[1] Nor is the commitment the judgment. Rather, it is the final process for carrying the judgment into effect. The real authority for execution of the sentence is the judgment.[2] The commitment is mere evidence of such authority and if the commitment is not in accord with the judgment, the latter may be resorted to on habeas corpus for the purpose of determining whether the detention of the petitioner is lawful.[3] The judgment here provided that Watkins should be imprisoned for a term of five years. It follows that on completion of the service of eleven months in the county jail, Watkins had not fully served the sentence and was not entitled to discharge.

Watkins further contends that the order revoking the order of probation was void. Under the Probation Act, 18 U.S.C.A. § 724 et seq., a court may not require as a condition to probation that the defendant serve some portion of the sentence of imprisonment.[4] It follows that the condition attached to the order of probation that Watkins serve eleven months in the Riverside County Jail was void. Whether this nullified the entire order of probation we need not decide. If only the condition attached was void and the remainder of the order valid, the order of probation was duly revoked and the order that the sentence be executed was valid. On the other hand, if the entire order of probation was rendered invalid by the void condition attached thereto, it being no part of the judgment and sentence proper, but merely an order undertaking in part to suspend execution of the sentence, it was severable

---

[1] Continental Oil Co. v. Mulich, 10 Cir., 70 F.2d 521;

Foster v. Zerbst, 10 Cir., 92 F.2d 950, 951, 952.

[2] Hill v. U. S. ex rel. Wampler, 298 U. S. 460, 465, 56 S.Ct. 760, 80 L.Ed. 1283;

Biddle v. Shirley, 8 Cir., 16 F.2d 566, 567;

State v. Hatfield, 66 Wash. 9, 118 P. 893, 894, 38 L.R.A.,N.S., 609;

People ex rel. Trainor v. Baker, 89 N. Y. 460, 465.

[3] Wilson v. Aderhold, 5 Cir., 84 F.2d 806, 807;

State v. Hatfield, supra;

In re Thayer, 69 Vt. 314, 37 A. 1042;

Ex parte Wilson, 114 U.S. 417, 421, 422, 5 S.Ct. 935, 29 L.Ed. 89;

Bean v. Crosby, 1 Allen, Mass., 220.

[4] White v. Burke, 10 Cir., 43 F.2d 329;

United States v. Greenhaus, 2 Cir., 85 F.2d 116, 107 A.L.R. 630;

United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309.

from the judgment and sentence and did not render the latter invalid;[5] and Watkins is properly imprisoned under the first sentence imposed by the court.

The order is, therefore, affirmed.

---

[5] United States ex rel. Brown v. Hill, 3 Cir., 74 F.2d 822;

Rohr v. Hudspeth, 10 Cir., 105 F.2d 747, decided July 17, 1939.