**ROBERTS v. UNITED STATES.**

No. 10375.

Circuit Court of Appeals, Fifth Circuit.

Nov. 24, 1942.

Rehearing Denied Jan. 16, 1943.

HOLMES, Circuit Judge, dissenting.

Jasper Newton Powell, of Hartselle, Ala., for appellant.

Jim C. Smith, U. S. Atty., and Jack H. McGuire, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

In April, 1938, the appellant, Frank Roberts, pleaded guilty to charges of stealing goods from an interstate shipment, and of possessing such goods knowing the same to have been stolen, all in violation of 18 U. S.C.A. § 409. He was fined $200 and sentenced to serve a term of two years in the penitentiary. The fine was paid, and the court suspended the execution of the sentence and placed Roberts on probation for five years under the provisions of the Probation Act, 18 U.S.C.A. § 724. At a subsequent term of court in June, 1942, after a hearing the court revoked the probation, set aside the suspended sentence of two years, and imposed a sentence of three years in the penitentiary. The three years' sentence was one that might originally have been imposed, the maximum sentence under each count being ten years.

Appellant contends that the trial court was without power to revoke the two years' suspended sentence and then impose a longer sentence of three years. Decision turns upon the construction of the statute relating to revocation of probation, 18 U.S. C.A. § 725: "At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

The statute thus clearly gives to the trial court the power to revoke the probation or the suspension of sentence and to then impose any sentence which might originally have been imposed. This court in United States v. Antinori, 5 Cir., 59 F.2d 171, construed the probation statute to provide for retention of the trial court's jurisdiction beyond the judgment term, and upheld the action of the lower court in revoking the original suspended sentence and imposing a new sentence for a shorter term. The court, however, expressly refrained from deciding whether the trial court could, upon revocation of the probation and suspended sentence, impose a new sentence for a

longer term. Also see Scalia v. United States, 1 Cir., 62 F.2d 220. In a later case, Remer v. Regan, 104 F.2d 704, the Circuit Court of Appeals for the Ninth Circuit, upheld the imposition of an increased sentence upon violation and revocation of probation. The court held that revocation of a two years' suspended sentence and imposition of a sentence of imprisonment for three years was authorized by the act and did not constitute double jeopardy under the Fifth Amendment to the Constitution. This decision is in harmony with the opinion of the Circuit Court of Appeals for the Second Circuit in United States v. Moore, 101 F.2d 56, certiorari denied, 306 U.S. 664, 59 S.Ct. 788, 83 L.Ed. 1060. We agree with the holding in Remer v. Regan, supra, that imposition of the increased sentence did not constitute double jeopardy, and that "Under the probation act an increase of sentence is expressly authorized by the statute (18 U.S.C.A. § 725) and, consequently, it is potentially a part of the original sentence." [104 F.2d 705.]

█ Under the express terms of the Probation Act, § 725, payment of a fine, or the making of restitution or reparation to aggrieved parties, may be made the condition of probation. We do not think that the payment of the $200 fine in the case at bar constituted such a partial execution of sentence as would defeat the court's power to grant probation, or to revoke the suspended sentence and impose a new sentence of imprisonment "which might originally have been imposed". The facts of this case do not measure to infraction of the constitutional limitations discussed in Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872; or United States v. Benz, 282 U.S. 304, at page 307, 51 S.Ct. 113, 75 L.Ed. 354. Cf. United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309.

The judgment is affirmed.

HOLMES, Circuit Judge (dissenting).

In United States v. Antinori, 5 Cir., 59 F.2d 171, this court held that in revoking a suspended sentence the district court might impose a new one for a reduced term. It upheld the validity of the statute involved, and construed it to provide for retention of jurisdiction beyond the term in cases of probation, but it took pains to note that the power of the court to increase such sentences was not before it.

The statute grants to courts of the United States power to revoke the probation or the suspension of sentence, and to impose any sentence that might originally have been imposed; but implicit in this power is the inhibition of the Fifth Amendment that no one shall be twice put in jeopardy for the same offense. Prior to the statute, courts of the United States had control of their sentences during the term at which they were made, but this power could not be used to violate the guarantees of personal rights found in the Fifth Amendment. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872. The Probation Act, 18 U.S.C.A. § 724 et seq., extended this control to a subsequent term, provided it was within the probationary period; but it would be unreasonable to ascribe to the Congress an intention to grant to the courts at a subsequent term greater control over their judgments than they possessed during the term at which they were entered.

The Probation Act provides that courts of the United States, in crimes not punishable by death or life imprisonment, shall have power to suspend the imposition or execution of sentence and to place the defendant upon probation for a period not exceeding five years. If the imposition of the sentence is suspended, probation granted, and later the probation is revoked, the court may, within the probation period, impose any sentence that might originally have been imposed. The same is true where sentence has been imposed and probation granted, except that the defendant's punishment may not be increased, for to do so is to put him in jeopardy twice for the same offense. The Probation Act must be construed in harmony with the Fifth Amendment if such construction may reasonably be made from the language employed.

In this case, when the court sentenced the defendant to pay a fine of $200 and to serve two years' imprisonment, and the fine was paid, the court lost the power to amend the prison sentence by increasing it to three years, and the Probation Act may not constitutionally be construed to authorize such amendment.

In United States v. Benz, 282 U.S., at page 307, 51 S.Ct. at page 114, 75 L.Ed. 354, the court said: "The distinction that the court during the same term may amend a sentence so as to mitigate the punishment, but not so as to increase it, is not based upon the ground that the court has lost control of the judgment in the latter case, but upon the ground that to increase the

penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb'. This is the basis of the decision in Ex parte Lange, supra."

I think it was error for the court below to increase the appellant's sentence from two years to three.