GILLESPIE v. HUNTER, Warden.

No. 3351.

Circuit Court of Appeals, Tenth Circuit.

Jan. 16, 1947.

Jean J. Jacobucci, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before BRATTON and MURRAH, Circuit Judges, and CHANDLER, District Judge.

CHANDLER, District Judge.

This is a proceeding in habeas corpus instituted by Harold Gillespie to secure his release from confinement in the federal penitentiary at Leavenworth, Kansas. The trial court denied the petition for the writ, and petitioner has appealed.

The facts are not in dispute. Petitioner was indicted in the United States Court for Colorado for violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. On December 20, 1943, he was personally present in open court and duly arraigned. The court explained to petitioner his constitutional rights, including the rights to counsel and a jury trial. He waived these rights and as evidence thereof signed a written waiver which was duly filed. He then entered a plea of guilty to each of the two counts in the indictment. On January 14, 1944, he again appeared in open court for sentence. Sentence was pronounced as follows: "The defendant * * * having entered a plea of guilty to the indictment herein, is hereby sentenced to five years on each count of the indictment to run concurrently." Sentence was suspended and the petitioner was placed on probation for a period of five years upon certain conditions specified in the order.

On December 9, 1944, petitioner came before the court charged with violating the conditions of his probation. For reasons not disclosed by the record, probation was revoked and petitioner was sentenced to three years imprisonment upon each count, to run concurrently. After entering upon the service of this sentence, petitioner challenged his confinement by writ of habeas corpus, contending (1) that he was deprived of the assistance of counsel at the hearing when his probation was revoked; and (2) that the court could not modify the sentence originally imposed.

It is a matter of discretion with the court as to whether the ends of justice will best be met by a revocation of probation. A petitioner brought before the court for such determination, without being furnished counsel, has not been deprived of his constitutional right. Moreover, upon arraignment petitioner waived his right to counsel. This waiver continued in force and effect throughout the proceedings.

Speaking of the grant conferred by the probation statute and the authority of the court thereunder, Mr. Chief Justice Hughes in Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266, stated:

"The Federal Probation Act * * * confers an authority commensurate with its object. It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. * * * Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment, and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. * * *

"There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. 'The court may revoke or modify any condition of probation, or may change the period of probation.' There are no limiting requirements as to the formulation of charges, notice of charges, or manner of hearing or determination. No criteria for modification or revocation are suggested which are in addition to, or different from, those

which pertain to the original grant. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant."

The court could impose any sentence which might originally have been imposed. The applicable statute, 18 U.S.C.A. § 725, provides that "The court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." There is no contention here that the sentence imposed when the probation was revoked was not such a sentence as "Might originally have been imposed." And the imposition of such sentence does not constitute double jeopardy. United States v. Antinori, 5 Cir., 59 F.2d 171; United States v. Moore, 2 Cir., 101 F.2d 56; Remer v. Regan, 9 Cir., 104 F.2d 704; Roberts v. United States, 5 Cir., 131 F.2d 392.

The contention is also made that the original judgment did not constitute a sentence for any period because the word "imprisonment" was not used. There is no merit in this contention. The judgment as pronounced could not reasonably be construed to have any other meaning than five years imprisonment.

The judgment is affirmed.

BRATTON, Circuit Judge, concurs in the result.