Joseph Lee THOMAS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7531.

United States Court of Appeals
Tenth Circuit.

Feb. 3, 1964.

Rehearing Denied March 12, 1964.

George R. Buck, Jr., Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

PER CURIAM.

Appellant in February 1960 entered a plea of guilty to a violation of 18 U.S.C. § 1708, and was sentenced to the custody of the Attorney General for a period of five years. Six months of the sentence were to be in confinement in a jail-type institution, and this to be followed by a four and one-half year probation period. This sentencing was under 18 U. S.C. § 3651. Appellant was confined until August 11, 1960, and was then released on probation. He was on probation for about nineteen and one-half months, and then, after a hearing, the probation was revoked and appellant was sentenced to four and one-half years of confinement. The trial court denied appellant's petition for a writ of habeas corpus and he has taken this appeal. The trial judge in his order stated that he had examined all papers filed by appellant and found that the petition on its face showed appellant to be in lawful custody. No hearing was held.

Appellant contends that the period he spent on probation should be credited on the sentence imposed when his probation was revoked. He further urges that he has been twice placed in jeopardy since there was a hearing on the revocation of probation, and he was again sentenced.

On his first ground, appellant argues that a person on probation is not free, but instead is subject to surveillance, to restrictions, and to control by an officer. Here appellant's probation was in the usual form and he was required to make periodic reports to his probation officer. Appellant's point is that since the period of probation must be included, his sentence was excessive when upon revocation of probation he was sentenced to four and one-half years. This he contends makes the total sentence more than five years and hence more than originally imposed, contrary to 18 U.S.C. §§ 3651 and 3653. Appellant cites United States v. Koppelman, D.C., 53 F.Supp. 499, and Cooper v. United States, 91 F.2d 195 (5th Cir.), to support his position. Each case does contain wording in which the appellant finds comfort, but the cases discuss in general terms the position of a person sentenced and placed on probation, and in the Cooper case, the question was whether the defendant could refuse probation. Appellant also cites United States ex rel. Binion v. O'Brien, 273 F.2d 495 (3d Cir.), cert. den. 363 U.S. 812, 80 S.Ct. 1249, 4 L.Ed.2d 1154, wherein it states that when a person's liberty is restrained by a United States officer having authority to do so, he may credit such period of restraint against his sentence. The case however concerned the prisoner's status while free on bond rather than the question here presented.

 Allen v. United States, 209 F. 2d 353 (6th Cir.), cert. den. 347 U.S. 970, 74 S.Ct. 782, 98 L.Ed. 1111, and United 'States v. Guzzi, 275 F.2d 725 (3d Cir.), clearly hold on the precise question that time on probation is not counted on the term imposed when probation is revoked. These cases in our opinion state the correct rule. The purpose of probation is to permit the judge to give the convicted person an opportunity to mend his ways and to so have his freedom under conditions, or at least to have such freedom after a short period of imprisonment. It is an act of grace to the one convicted and is granted as a privilege, not as a right. Yates v. United States, 308 F.2d 737 (10th Cir.); Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. The pressure upon the individual during the period of probation is of course the possibility of having to serve the sentence imposed, or of having a sentence imposed. Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41. The last sentence of 18 U.S.C. § 3653 states that the court may revoke probation and require the prisoner to serve the "sentence imposed, or any lesser sentence, * * *." This means in the case at bar the court could and did require appellant to serve any part or all of the original sentence, execution of a portion of which was suspended to permit the release on parole.

As to the point that he has been placed twice in jeopardy by the original proceedings and by the revocation of the probation, with the sentencing to imprisonment, appellant again urges that the "second sentence" makes the total period longer than five years and thus would distinguish Roberts v. United States, 131 F.2d 392 (5th Cir.), and similar cases. However as we have above held, appellant was not sentenced for a period of more than five years, since the period of probation is not counted as part of the five-year period. The fact that there appears to have been but one count to which the plea of guilty was made does not lead to a different result as appellant urges. We held in Gillespie v. Hunter,

159 F.2d 410 (10th Cir.), that sentencing on revocation of probation does not place the defendant in double jeopardy. See also Remer v. Regan, 104 F.2d 704 (9th Cir.), cert. den. 308 U.S. 553, 60 S.Ct. 105, 84 L.Ed. 465; Cherry v. United States, 299 F.2d 325 (9th Cir.), and United States v. Huggins, 184 F.2d 866 (7th Cir.)

Affirmed.