17 F.(2d)—9

UNITED STATES v. YOUNG et al.

(District Court, N. D. California, S. D. January 21, 1927.)

No. 14165.

1. Criminal law ⟺1001—Petition for probation held not entitled to consideration, after defendant had entered on execution of sentence (Probation Act March 4, 1925 [Comp. St. §§ 10564⅘–10564⅘c]).

Defendant, convicted of conspiracy to secure possession of denatured alcohol free from internal revenue tax after entering on execution of his sentence, held not eligible to have his petition for probation, under Probation Act March 4, 1925 (Comp. St. §§ 10564⅘–10564⅘c), considered.

2. Criminal law ⟺1001—Defendants, convicted of conspiracy to secure possession of denatured alcohol, held not entitled to probation (Act June 7, 1906, § 2 [Comp. St. § 6136]; Probation Act March 4, 1925 [Comp. St. §§ 10564⅘–10564⅘c]).

Defendants, convicted of conspiracy to secure possession of denatured alcohol free from internal revenue tax, in violation of Act June 7, 1906, § 2 (Comp. St. § 6136), held not entitled to probation under Probation Act March 4, 1925 (Comp. St. §§ 10564⅘–10564⅘c), in view of facts.

3. Criminal law ⟺1001—Probation Act does not modify old rule against setting aside sentences to extent of permitting substitution of new sentence in lieu of old (Probation Act March 4, 1925 [Comp. St. §§ 10564⅘–10564⅘c]).

Rule that sentences may not be set aside or modified after the term at which entered has been modified by Probation Act March 4, 1925 (Comp. St. §§ 10564⅘–10564⅘c), but not to the extent that a new sentence may be substituted for an original sentence.

Criminal prosecution by the United States against Walter Young and others. On motions of defendants Bilodeau, Sword, Everett, and Frank for probation after conviction. Motions denied.

George J. Hatfield, U. S. Atty., of San Francisco, Cal.

John J. Barrett and Devoto, Richardson & Devoto, all of San Francisco, Cal., for defendants Bilodeau and Sword.

Samuel M. Samter and Robert B. McMillan, both of San Francisco, Cal., for defendant Frank.

S. C. Wright, of San Francisco, Cal., for defendant Everett.

ST. SURE, District Judge. Motions for probation for defendants Bilodeau, Sword, Everett, and Frank. Defendants who have filed motions for probation were indicted with Walter George Young and Max Hoffman for conspiracy to secure possession of denatured alcohol free of internal revenue

tax, to wit, alcohol rendered unfit for beverage and liquid medicinal purposes under Act June 7, 1906 (34 Stat. 217), with intent of recovering and attempting to recover by redistillation the alcohol so secured and to knowingly conceal and dispose of the alcohol so recovered and redistilled, in violation of section 2, Act June 7, 1906 (Comp. St. § 6136), they not being manufacturers or persons who were authorized or permitted by law to recover or attempt to recover denatured alcohol.

All of the defendants were arraigned and pleaded not guilty, and were released on bail pending trial. At the time of trial Max Hoffman did not appear and was not tried; his bond was forfeited. Defendant Young changed his plea to guilty and became a witness for the government. Trial was had over the period from August 11, to August 21, 1925, two years after the indictment was returned, before Hon. Duval West, of Texas. During the time intervening between indictment and trial, defendants (with the exception of Young and Hoffman) through their respective attorneys urged demurrers to the indictment, and motions for the return of property and suppression of the same as evidence; the demurrers were overruled, and the motions denied. These demurrers and motions were again urged at the time of trial before Judge West. During trial every objection possible was taken by defendants' attorneys, and exceptions preserved. Misconduct of the United States attorney was assigned, and also made a point on writ of error. On August 21, 1925, the jury retired to consider the case, after being fully instructed by Judge West, returning after several hours with verdicts of guilty for each of the defendant petitioners and for defendant Young as instructed by the court on his plea of guilty.

Motions for petitioning defendants were then made for an order annulling, setting aside, and vacating the verdict of the jury and for a new trial, on all grounds, including the alleged misconduct of the United States attorney and alleged misconduct of the jury after submission of the case to, and during deliberation by, it. Affidavits were filed in support of and against the alleged misconduct of the jury; motions were also made in arrest of judgment for petitioning defendants, and these were also supported by affidavits. Hearing was had upon the motions for new trial and to vacate verdict, and after argument, were overruled and denied. Judge West then called the defendants

for judgment, and imposed the following sentences: Defendants L. Bilodeau, Bernard Frank, and David Everett each to be imprisoned for a period of 2 years in a penitentiary to be designated by the Attorney General; W. R. Sword to be imprisoned for a period of 12 months in the San Francisco county jail, state of California; Walter Young to be imprisoned for the period of 10 months in the San Francisco county jail, state of California. Motions in arrest of judgment were then made and denied.

On August 27th the defendants here, through their same respective attorneys, petitioned for and were allowed writ of error to the United States Circuit Court of Appeals, and supersedeas, by Judge West. The writ of error was duly prosecuted, and the judgment of the District Court affirmed September 7, 1926. Bilodeau v. United States, 14 F.(2d) 582. Rehearing was denied October 11, 1926, and stay of mandate granted to allow petition for certiorari by the United States Supreme Court to be filed. Bilodeau et al. v. United States, 47 S. Ct. 245, 71 L. Ed. ——. A certified copy of the order denying the petition for certiorari was filed in the Circuit Court of Appeals December 13, 1926. On December 18, 1926, the mandate of the Circuit Court of Appeals was filed in the District Court and defendants taken into custody. On December 17, 1926, the petition for probation of defendant Everett (by an attorney other than the one appearing at the trial and on appeal proceedings) was filed. The petitions of the remaining defendants here were filed December 18th, the same day the mandate of the Circuit Court of Appeals was filed and spread on the minutes. All of the petitions are supported by letters and affidavits of various persons as to the previous and present good standing, character, dependent relatives, social conditions, and otherwise of the defendants, and in each case a petition suggesting and recommending probation (in the case of defendant Bilodeau an alternative recommendation for modification of sentence to one year in the county jail to accord with the sentence of defendant Sword) was presented, signed by all of the jury which originally tried the case, with the exception of one member, who had died.

The defendant Sword, taken into custody on the coming down of the mandate, has begun the service of his sentence in the San Francisco county jail, and the commitment filed. The other three defendants, taken into custody at the same time, have not yet

entered upon the execution of their respective sentences, because of the general construction that the time of execution of such sentences, unless provided specially in the judgment, does not commence to run until the delivery of the prisoner at the penitentiary.

The federal Probation Act of March 4, 1925 (Comp. St. §§ 10564⅘–10564⅘c), under which these defendants are applying for probation, had been in effect for over 5 months at the time of trial. Nowhere in the record is there any evidence of any motion having been made on behalf of petitioners here, although the subject was mentioned during cross-examination by one of the defense attorneys. Motions for probation had been made and passed on by me during the March term of that year. Jurisdiction to hear such motions after the term of trial, and after appeal and affirmance, was at that time questioned, both by myself and by Judge James, and hearing denied petitions on that ground. United States v. Nix, No. 6254–B Criminal, District Court, S. D. California, So. Div., May 12, 1925; United States v. Ahearn, No. 13013, Nor. Dist. Cal., So. Div., May 23, 1925, motion for probation denied without prejudice.

It is true that in the Nix Case mandate issued by the Circuit Court of Appeals on August 3, 1925, to the District Judge to hear the petition, just prior to the trial of this case; but it is not authority to encourage delay in the filing of petitions to a time long after the term at which sentence was imposed. As to prisoners who had entered upon the execution of their sentence, the following was said: "Nothing contained in this opinion must be construed as holding that the Probation Act has any application to a defendant who has entered on the service of his term of imprisonment." Nix v. James (C. C. A.) 7 F.(2d) 590. The same expression is found in opinions of the Sixth and Seventh Circuits. Evans v. District Judge, etc., Tennessee, 12 F.(2d) 64; Kriebel v. United States, 10 F.(2d) 762. The term at which defendants were tried has long since expired; an appeal has been had and determined both on·jurisdiction and on the merits. Every opportunity has been availed of by defense attorneys, except the opportunity for making application for probation to the trial judge, known to all counsel as a visiting judge temporarily holding court out of his regular jurisdiction. Nor has any petition been filed until and when it seemed a last resort to obtain freedom.

Reference of all of these motions for probation was made to the acting federal probation officer, Edward Powers, who, after investigation and consultation with numerous persons, has recommended their denial. The court notes that Mr. Powers was a witness for the government at the trial as the investigating officer; also that he acted with the bailiff in charge of the jury. These matters were also noted and passed on by the Circuit Court of Appeals in affirming the judgment. Bilodeau et al. v. United States, 14 F.(2d) 582. For this reason, however, the court has made independent investigation, and has received many letters and been solicited for many interviews on behalf of the defendants, as well as receiving the recommendation of the jury through the mail from its foreman. On the hearing of the motions the members of the jury were invited to attend at court. All of them, with the exception of the member who had died, and one other, complied with the court's request. The foreman of the jury stated that he had independently framed the recommendation and presented it to the other jurors for signature after talking with Mrs. Bilodeau, wife of defendant Bilodeau. He stated as his reason for so doing that he, as well as the other jurors, were amazed that Bilodeau received a two-year sentence, whereas Sword received but one year in the county jail, and they contemplated no such difference when considering the case.

The recommendations of the jury have been stressed on these motions. The jury, I may say, properly performed its function at the trial, and supported its action by affidavits. As Judge Henning aptly states in United States v. Nix (D. C.) 8 F.(2d) 759, at page 762, in this connection: "It is a perfectly simple matter, when one no longer carries responsibility, to advise him who does." The jury's responsibility and field of proper activity ended with the rendition of its verdicts. A letter from Judge West, received in response to a query by the jury's foreman concerning the former's position in the matter, stated that Judge West would not oppose the motions, but had no recommendation to make. The record shows that Judge West most carefully, considerately, and ably conducted the trial, and instructed the jury fully and fairly. Except for letters and documents concerning the social and·character standing of the defendants, some of which related, so far as actual personal knowledge goes, to periods long before the trial of the action, there seems to be little or nothing to

show that these defendants occupy the extraordinary position calling for consideration for probation at this time.

To the contrary, and notably, the United States attorney, opposing the motions, particularly as to defendant Bilodeau, with permission of the court read into the record copy of a letter addressed by a local government chemist under date February 18, 1926, to the head of the I. A. & C. division at Washington, D. C., with reference to the importation by a local firm and subsequent purchase by Bilodeau of methanol, or methyl alcohol, and stating that deaths in Honolulu of six soldiers were subsequently caused by drinking bay rum said to be traceable as part of a shipment from Bilodeau containing methyl alcohol. At the trial of the case here reviewed, evidence of testimony taken before Samuel Rutter, then federal prohibition director, was introduced. The product involved then was known as specially denatured alcohol, 39B. The evidence referred to shows Mr. Bilodeau replying to a question of Rutter as to the preparation of 39B, with the words: "Specially denatured alcohol according to formula 39B. * * * We add zinc, sulphur, and carbolic acid. It is one of the standard preparations. * * * Sulphur, carbolic acid and zinc mixed together, *which is poison.*" The evidence throughout the trial showed that 39B was for external use as labeled, and the analysis of the alco spirits under 39B showed additional chemicals, a combination of which is usually spoken of as poison. The defendant Sword is shown at this hearing, by evidence allowed, not to have been a partner of Bilodeau's at the time of the incident at Honolulu about which the chemist's letter was written.

Probation laws are splendid agencies for justice, when used according to their letter and spirit. But the criminal who pleads not guilty when he is so in fact, and who upon his trial fights justice with all his might and main, is not repentant, and I am not inclined to look with favor upon his attempt to invoke the benevolent provisions of the Probation Act. I believe firmly, as said in the opinion of the Circuit Court of Appeals for the Sixth Circuit (Evans v. District Judge, etc., Tennessee, 12 F.[2d] 64), that the discretionary power in probation matters is only to be exercised as a matter of extraordinary grace, justified by extraordinary circumstances; further, that the power should be most judiciously and carefully exercised. The Probation Act itself authorizes granting probation "when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby." Comp. St. § 10564⅘. I agree generally with what Judge Henning has said in discussing these three factors when he finally denied probation in the Nix Case (D. C.) 8 F.(2d) 759, at page 761, and 762.

[1] As to defendant Sword: It is conceded that upon being taken into custody on the coming down of the mandate from the Circuit Court of Appeals, and entering the San Francisco county jail, he entered upon the execution of his sentence. The prevailing opinion is that probation cannot be granted in such a case. For that reason, as well as those herein expressed, if he were otherwise eligible to have his petition considered, his petition for probation is denied.

[2] As to defendant Bilodeau: Such recommendations as I have received and considered, along with other considerations that might apply favorably for this defendant, are more than offset by the record at the trial, the affirmance of the judgment on the merits, and the suspicion raised by the letter mentioned and read in evidence, that even since the trial of this case he has violated the ethics and public morals, if not legally technical requirements, regarding so-called poison alcohol (methyl or wood alcohol) to the ignorant, if not willful, endangering of human lives by its circulation. His motion is denied.

The defendant Frank's motion is denied on the basis of the record of the trial, with its subsequent affirmance, and because of the fact that I find no other or further reason to extend the provisions of the Probation Act to him than existed at the time of trial.

As to defendant Everett: His plea in this petition is that of innocence of conspiracy (admitting purchase and sale of rubbing alcohol), joined with statements of dependents and of prior good character. It is admitted that his good character is vouched for by some whose integrity and good faith are beyond suspicion, but statements of their own knowledge do not go farther than to a period antedating the trial by some years. There is also an offer of employment for him, if probation is granted. The record on the trial showed convincingly that he was guilty. The affirmance of the judgment on the merits included him. His circumstances are shown to be no different than at the time of trial. I cannot see any reason for making any different holding in his case than in that

of his codefendants. His motion is there-fore denied.

[3] Counsel for Everett (who did not appear for him on trial) advances the argument that, as the Probation Act changed the old rule that sentences may not be set aside or modified after the term (United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129), it is now the rule that sentences may be so set aside and modified on probation, even to the extent that probation may be granted in terms providing that one year may be served in the county jail, in lieu of the penitentiary sentence imposed, and the balance of the time at large under probation supervision. Within the limits of the scope of the Probation Act, I agree that the old rule is abrogated, but as to modification or alteration of the original sentence, where first imposed as was this one, I do not feel that any other power to modify or suspend is given than that of suspension of execution by probation for the original sentence; and such probation, to my view, does not contemplate a new sentence in lieu of that originally imposed, nor suspend its execution in such manner. To grant probation with the condition that half of the original sentence be served in a jail rather than in the penitentiary, would seem to me to be but a subterfuge to make a new and different sentence than the original one, and not the exercise of power contemplated or sanctioned by the Probation Act itself.

As to the petitioning defendants generally: All of them are shown, by the petitions themselves, by case reports, and otherwise, to be not ignorant, inexperienced, poverty stricken, youthful, mentally or physically incompetent, members of society, but, on the contrary, according to the recommendations for probation, of excellent family history, social and business connections, and education. They are all over 30 years of age, and of stated wide experience along differing lines of business. With the exception of defendant Everett, whose statement is that his wife and child are wholly dependent on him, and that he has suffered financially to the extent of having a deed of trust on his home foreclosed, there is nothing to indicate that the defendants are in financial straits, unless the mere statements that their wives and families are dependent upon them for support are to be so construed. They are, generally, to my mind, not of a class to which the benevolent protection of the Probation Act should be extended.