## UNITED STATES v. DAVIS et al.

District Court, D. Idaho, E. D. May 2, 1927.

### No. 1345.

1. **Criminal law** ⬳1001—**After conviction for violating liquor law, sentence will not be suspended pending application for executive clemency (Probation Act, § 1 [Comp. St. § 10564⅘]; National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

After conviction for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), suspension of execution of sentence will not be granted, under Probation Act, § 1 (Comp. St. § 10564⅘), pending application for executive clemency to the President of the United States.

**2. Criminal law** ⟜1001—**Courts may grant probation before defendant actually commences service of sentence (Probation Act § 1 [Comp. St. § 10564⅘]).**

Where defendants, convicted of violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), had not actually commenced the service of their sentence, court still has power to grant probation, under Probation Act, § 1 (Comp. St. § 10564⅘).

Les Davis and another were convicted for violation of the National Prohibition Act, and they move for suspension of execution and sentence, pending application for executive clemency. Motion denied.

H. E. Ray, U. S. Atty., and Sam S. Griffin, Asst. U. S. Atty., both of Boise, Idaho.

C. W. Poole, of Rexburg, Idaho, and T. C. Coffin, of Pocatello, Idaho, for defendants.

CAVANAH, District Judge. The record recites that, during the October, 1926, term of court held in Pocatello, the defendants were, after trial by jury, convicted of several violations of the National Prohibition Act (Comp. St. § 10138¼ et seq.), and were each sentenced to a term of three months' imprisonment in the jail of Madison county, and to pay a fine of $750. A stay of execution was then granted until December 20, 1926, on the furnishing of a bond. No further extension of the stay of execution was secured, nor have defendants surrendered themselves to execution of the sentence, although a commitment has been issued. It appears that from time to time extensions were granted within which to prepare and file a bill of exceptions, but did not apply for writ of error and none was issued within the time required. A motion for new trial was made and presented to Judge Dietrich, before whom the trial was had, which was overruled for the reasons stated in memorandum decision filed January 7, 1927. The government now requests that the commitment issued be served and the sentences be carried out. Application for executive clemency to the President of the United States has been made, upon the ground that defendants were innocent of the charges upon which they were convicted, and that while such application is pending the defendants in their motion, filed April 22, 1927, under the provisions of the Probation Act of March 4, 1925 (Comp. Stats. Supp. 1925, § 10564⅘), request suspension of execution of the sentence for a period of time sufficient to permit them to present to the President their application.

[1, 2] The defendants' motion is based upon the contention that M. A. Barney, one of the principal witnesses who appeared against them, testified at the March, 1927, term of court, in another case, contrary to what he testified at the trial in which they were convicted. The whole record of the evidence taken at the trial is not before me, nor am I advised as to all of the testimony, nor have I ever seen the defendants. It is further contended, in the defendants' brief in support of their motion and on the oral argument, that in the event executive clemency is not granted they are then to surrender themselves for execution of the sentence. No request is now made of this court to pass on their guilt or innocence, nor is there any reason advanced as to why they should be placed on probation, other than that they be given an opportunity of having the President pass upon the question of fact as to their guilt or innocence.

The only question, then, for me to decide upon this motion, is the simple one for a stay of execution of the sentence until their guilt or innocence is determined by the President. The request is identical with one for a stay of execution until motion for new trial is decided or the cause is determined upon a review on appeal. We are then confronted with the proposition: Does a request for a stay of execution of the sentence until the application of the defendants for executive clemency is presented to and decided by the President come within the purpose of the Probation Act? It is conceded that, since the defendants have not actually commenced the service of their sentence, the court still has power to grant probation under the law (Nix v. James, District Judge [C. C. A.] 7 F.[2d] 590; Kriebel v. U. S. [C. C. A.] 10 F.[2d] 762; Ackerson v. U. S. [C. C. A.] 15 F.[2d] 268; Evans v. District Judge [C. C. A.] 12 F.[2d] 64), provided that the request and the reason therefor, as disclosed in the application, come within the purposes of the Probation Act.

The thought should not be overlooked that the general purpose of the act is to put those who have violated the law, and lack self-control, under the strongest inducement to continue their good behavior with the purpose of repentance, and that they may be restored to a proper conception of the duties of law-abiding citizens. Riggs v. U. S. (C. C. A.) 14 F. (2d) 5 and 11. I do not believe that Congress intended to give power to the courts under this act, after all the steps have been taken for a new trial or review of the case upon appeal, to reopen the case and receive additional testimony, for the sole purpose of determining either the guilt or innocence of the defendant, or that the same should be either a substitute for a motion for new trial, or stay of execution, or review on appeal, or executive power

of pardon. United States v. Nix (D. C.) 8 F.(2d) 759.

Should the request be granted, I would be doing nothing more than granting a stay of execution until another branch of the government had decided upon the guilt or innocence of the defendants. The act does not contemplate such power in the court. I am not asked to decide as to whether defendants are innocent, and in their motion and brief they disclaim any such request, nor are there any reasons given, other than an opportunity be granted to them to present their application to the President for a pardon, as to why the defendants should be placed on probation under restrictions and conditions to be imposed by the court. Under such motion and the act itself, what reasons could the court give for holding the defendants on probation for a definite time, and what restrictions should be imposed that could be said come under the purposes of the act? Before the request could be granted, I would have to decide on the motion the only question that the defendants are innocent, and, should such a conclusion be reached, then the defendants should be released entirely, as certainly no power would be vested in the court to continue holding innocent persons under sentence on the pretense that they were subject to the provisions of the Probation Act.

The interpretation of the act contended for by the defendants is illogical and inconsistent, as it must be assumed that the defendants are guilty under the terms of the act; otherwise, the court would be imposing restrictions upon innocent persons, which cannot be done.

The motion is denied.