## WHITE, Warden, v. STEIGLEDER.

Circuit Court of Appeals, Tenth Circuit.
January 24, 1930.

No. 116—October Term, 1929.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellant.

Charles A. Coakley, of Tulsa, Okl. (Walter I. Biddle, of Leavenworth, Kan., C. B. Stuart, of Oklahoma City, Okl., and E. J. Doerner, of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge. This appeal is brought by appellant as warden of the penitentiary at Leavenworth, Kan., to obtain a reversal of an order of the District Court for Kansas, granting to the appellee a writ of habeas corpus for his discharge, subject to terms of probation.

The appellee was convicted on eight counts of an indictment for violations of the National Banking Act in the Northern District of Oklahoma. He was there sentenced to serve a term of one year and a day and pay a fine of $2,500 on the first count. He was further sentenced to serve a term of five years and pay a fine of $100 on each of the other counts, the sentences to run concurrently and begin at the expiration of sentence on the first count. The convictions were affirmed on appeal. Steigleder v. United States (C. C. A.) 25 F.(2d) 959. Thereafter, at a hearing of defendant's application for probation, it was ordered that a commitment be issued for service of the sentence by the defendant on the first count of the indictment, and probation was granted for his release on the other counts, until further order and during good behavior.

His petition for the writ of habeas corpus which he filed in the District Court for Kansas recites he had served the sentence required on the first count of the indictment and an additional 30 days on account of the fine therein imposed, and is entitled to a discharge by virtue of the probation order applicable to the other counts. The warden moved to dismiss the cause and deny the discharge for want of jurisdiction in the Oklahoma District Court to suspend execution of any part of the original sentence. The case was heard, and, the warden electing to stand on his motion, appellee was discharged, subject to the probation terms.

█ It is conceded the appellee had fully served the sentence and was exonerated from the fine imposed under the first count of the indictment. The question involved is whether the trial court had the power, after the sentence term and affirmance of the convictions, to grant the probation, effective in the future as to the last seven counts, after completion of the sentence on the first count. We conceive of no sound reason why this may not be done.

The Probation Act (43 Stat. 1259 [18 USCA §§ 724–727]) confers the power on the Federal Courts to suspend a sentence or grant probation *after conviction, or a plea of guilty or nolo contendere.* The act was construed by the Supreme Court as meaning that the power might be exercised before execution of the sentence begins. United States v. Murray, 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309. This construction was rested on the ground that probation was not intended to coexist with executive clemency under the pardon and parole acts. We are of opinion it is decisive of the controversy before us, as it limits the exercise of the power only in cases where service of a sentence has begun.

The intervention of an appeal does not affect the power of the district courts to grant probation. The act does not purport to so curtail it. When the convictions of appellee were upheld on appeal, he still clearly had the status of an offender whose sentence had not begun. Nor is the objection tenable that probation is not grantable after the sentence term, as the power is broadly authorized after conviction or plea, and its exercise neither vacates nor modifies the judgments of conviction. Nix v. James (C. C. A.) 7 F.(2d) 590; Kriebel v. United States (C. C. A.) 10 F.(2d) 762; Ackerson v. United States (C. C. A.) 15 F.(2d) 268; United States v. Young (D. C.) 17 F.(2d) 129; United States v. Davis (D. C.) 19 F. (2d) 536; United States v. Gargano (D. C.) 25 F.(2d) 723.

█ It is urged that appellee is not entitled to the benefit of probation, because he was imprisoned some four months before he was released by a supersedeas bond on his appeal. We doubt if the fact in such a case would affect a right to probation, the convictions not having reached finality. But the fact does not appear in the record. And assuming there was a partial service of the sentence, it was necessarily for the separate offense charged in count 1 of the indictment, and not for the different offenses charged in the remaining counts wherein sentence was deferred until the expiration of sentence on the first count. Clearly, sentence had not

begun under the counts affected by the probation order.

The order of the District Court was right, and it is accordingly affirmed.