**BOWKER v. HUNTER, Warden.**

No. 3397.

Circuit Court of Appeals, Tenth Circuit.

Jan. 15, 1947.

Howard F. McCue, of Topeka, Kan., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus. The appellant, Bert Charles Bowker, was tried in the United States District Court for the Western District of Louisiana, under an indictment containing five counts, charging him with violations of Section 398, Title 18 US CA (White Slave Traffic Act). He was found guilty on all five counts. He was sentenced to imprisonment for a period of eighteen months on Count 1 and sentence was suspended on the remaining counts, and he was placed on probation on such counts for a period of five years to begin at the expiration of the sentence imposed on Count 1. After having served the sentence on Count 1, and while on probation under the remaining counts, he was arrested for violating the terms of his probation. Probation was revoked and a single sentence of three years imprisonment was imposed on the remaining counts. While he was awaiting transportation to the penitentiary, he escaped. He was prosecuted, found guilty of this offense under the Federal Escape Act, and was sentenced to serve a year and a day. This additional sentence was made to run consecutively with the sentence imposed on Counts 2, 3, 4 and 5 of the White Slave indictment. He has served the sentence of a year and a day, but has not yet completed the three-year sentence on Counts 2, 3, 4 and 5.

Appellant urges two grounds for reversal: (1) That the five counts in the White Slave indictment stated a single and identical offense and that therefore his additional sentence of three years on Counts 2, 3, 4 and 5 was void, and (2), that the court was without power to sentence him on Count 1 and then place him on probation on the remaining counts.

■ It is not necessary for the decision in this case to determine whether petitioner can challenge the legal sufficiency of Counts 2, 3, 4 and 5 to state offenses separate from the offense stated in Count 1, by a habeas corpus proceeding. Neither is it necessary to determine whether all of the remaining counts state separate and distinct offenses. Count 2 states a separate and distinct offense from that charged in Count 1. Count 1 charged the petitioner with transporting in interstate commerce a woman for purposes prohibited by the Act, while Count 2 charged him with procuring and obtaining and causing to be procured and obtained and assisting in procuring and obtaining interstate transportation for the same prohibited purposes. This is an entirely different offense from the one charged in Count 1. Evidence which would sustain a conviction under this count would be wholly insufficient to convict under Count 1.

The additional sentence which the court imposed on Counts 2, 3, 4 and 5 was a single sentence and was less than the maximum sentence which the court could have imposed on Count 2. It therefore follows that even if it be conceded that Counts 3, 4 and 5 fail to state separate offenses, since Count 2 does state a separate offense, the additional sentence is nonetheless valid.[1]

■ The second contention advanced is that a sentence on several counts of one indictment must be considered as a single sentence and that the court is therefore without power to impose a prison sentence on one count and probation on others. In White v. Steigleder, 10 Cir., 37 F.2d 858, we held contrary to petitioner's contention. He relies for his position upon United States v. Greenhaus, 2 Cir., 85 F.2d 116, 107 A.L.R. 630. The Second Circuit Court in the Greenhaus case did hold that such a sentence was a single sentence and that a defendant could not be imprisoned on one count and probated on another. The Second Circuit followed its decision in the Greenhaus case in United States v. Cosman, 2 Cir., 94 F.2d 1020. This decision was re-

versed by the Supreme Court in a per curiam decision, in Cosman v. United States, 303 U.S. 617, 58 S.Ct. 527, 82 L.Ed. 1083. The Ninth Circuit, in Remer v. Regan, 104 F.2d 704, concluded that the Greenhaus case was overruled by the Supreme Court in the Cosman case, and held in conformity with our decision in White v. Steigleder.

We adhere to what we said in White v. Steigleder, supra, and accordingly conclude that a court has power to impose a sentence on Count 1 of an indictment, and at the same time grant probation on other counts.

Affirmed.

[1] Seymour v. United States, 8 Cir., 77 F.2d 577, 99 A.L.R. 880; Jones v. Hill, 3 Cir., 71 F.2d 932; Ross v. Hudspeth, 10 Cir., 108 F.2d 628; Levine v. Hudspeth, 10 Cir., 127 F.2d 982.