140

**UNITED STATES ex rel. EDELSON v.
THOMPSON, Warden.
No. 262, Docket 21310.**

United States Court of Appeals
Second Circuit.
June 8, 1949.

Merrell Clark, Jr., of New York City,
for appellant.

Frederick H. Block, Asst. U. S. Atty., of
New York City (John F. X: McGohey,
U. S. Atty., of New York City, on the
brief), for appellee.

Before CHASE, CLARK, and DOBIE,
Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from the dismissal of
a writ of habeas corpus sought by relator,
Carl Edelson, to challenge his detention
by federal authorities for alleged violation
of the terms of his conditional release.
Relator's involved previous criminal his-
tory is necessary to an understanding of
his claim that his parole and conditional
release time of service had expired prior
to the date of the alleged violation. It is
as follows:

On November 29, 1935, relator was sen-
tenced in the United States District Court
for the Southern District of New York
on several counts of an indictment for
mail fraud, being given eighteen months
on the first count, and two years concur-
rently on each of the other counts. The
two-year sentences were suspended, and
relator was placed on probation for a
period of three years, to begin upon his re-
lease from the sentence of eighteen months.

On May 6, 1936, while serving this
eighteen-month sentence relator was sen-
tenced in the United States District Court
for the Middle District of Pennsylvania
on five counts of an indictment for mail
fraud, being given one year and one day
on each count, to run consecutively and
to commence upon completion of the
eighteen-month sentence.

On September 30, 1936, while re-
lator was still serving his sentence of
eighteen months the judge who had im-

posed the sentences of five years and five days suspended them and ordered relator on probation for five years, to commence at the time his original sentence on these counts would have commenced. This is the order which relator now contends is invalid.

On February 9, 1937, relator was released on certificate of conditional release, having served his eighteen-month sentence, less deductions for good conduct.

On February 3, 1938, relator, having been again convicted of mail fraud while on probation, was sentenced in the District Court for the Southern District of New York on two counts of mail fraud, being given sentences of four years and two years respectively, to run concurrently. At the same time the probation imposed in 1935 was revoked, and an additional two-year sentence, to follow the four-year sentence, was imposed under the Probation Act of 1925, 18 U.S.C.A. §§ 724–728, now revised as §§ 3651–3656.

On January 8, 1940, the District Court for the Middle District of Pennsylvania revoked the five-year probation it had granted and reimposed the original sentences of five years and five days, to run consecutively with sentences then being served.

On May 13, 1945, relator was released conditionally from the United States Penitentiary in Atlanta, Georgia, and was placed on parole until February 7, 1949, when the full term of all the sentences would expire.

On September 20, 1948, relator was once more arrested, this time for violation of his conditional release, and his petition for the present writ followed on October 5, 1948.

Relator's argument is, in brief, that the order of September 30, 1936, was invalid and hence his conditional release in 1937 was improper and, not being the result of his own misconduct or contributing fault, should entitle him to receive credit against his sentences for the time spent out of prison between February 9, 1937, and February 3, 1938. Accordingly, his parole time should have expired on February 13, 1948, before the alleged violation occurred for which he is now held. We find it unnecessary, however, to consider the latter part of his argument, since we are constrained to reject his original premise that the order of September 30, 1936, granting him probation while he was under confinement under an earlier conviction, was invalid.

In United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309, the Supreme Court held that the power of United States courts, under the Probation Act of 1925, supra, to suspend the execution of sentence, was limited to its exercise during the period before the term of sentence had begun. This ruling was designed to accomplish the basic purpose of the Act, "the attempted saving of a man who has taken one wrong step, and whom the judge thinks to be a brand who can be plucked from the burning at the time of the imposition of the sentence." 275 U.S. 347, at page 358, 48 S.Ct. 146, at page 149. At the same time it avoided conflict with the parole powers of the Board of Parole, 18 U.S.C.A. §§ 710 ff., now §§ 4161–4166, 4201–4207, and with the executive power of clemency, U.S.Const.Art. II, § 2.

As a natural consequence of the Murray decision, the question arose whether courts could impose consecutive sentences on separate counts of an indictment, and then suspend execution on certain of the counts, with the period of probation to begin at the expiration of the executed sentence. In White v. Steigleder, 10 Cir., 37 F.2d 858, the court held that for purposes of the Probation Act the sentences should be treated as completely separate. We at first took the opposite view, in United States v. Greenhaus, 2 Cir., 85 F.2d 116, 107 A.L.R. 630, certiorari denied Greenhaus v. United States, 299 U.S. 596, 57 S.Ct. 192, 81 L.Ed. 439, holding that sentences on separate counts of the same indictment should be treated as one, so that probation could not be granted to follow a sentence on a separate count. In the next case, Kelly v. United States, 2 Cir., 89 F.2d 866, which differed only in that the sentences were imposed under separate indictments tried together, we limited the application of the Greenhaus rule to sentences under the same indictment.

The Supreme Court affirmed sub nom. Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282, without mentioning the Greenhaus decision. These precedents are sufficient to decide the instant case. In fact, however, the Supreme Court has gone further and substantially overruled the Greenhaus case itself. United States v. Cosman, 2 Cir., 94 F.2d 1020, which was decided in a per curiam opinion solely on the authority of the Greenhaus case, was reversed by the Supreme Court, Cosman v. United States, 303 U.S. 617, 58 S.Ct. 527, 82 L.Ed. 1083, also per curiam, on the authority of Frad v. Kelly, supra. The Ninth Circuit has followed the Cosman and Kelly cases in Weber v. Squier, 9 Cir., 124 F.2d 618, certiorari denied 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209; and the Tenth Circuit has recently reaffirmed its position in Bowker v. Hunter, 10 Cir., 158 F.2d 854, certiorari denied 331 U.S. 861, 67 S.Ct. 1754, 91 L.Ed. 1861. It must follow a fortiori from these precedents that separate sentences imposed on separate indictments at different times in nonadjacent districts of different circuits cannot be combined to bring them under the rule of the Murray case. We therefore agree with Judge Medina in his reasoned opinion below upholding this order of the District Court in Pennsylvania.

 Relator also argues on this appeal that the two-year sentence imposed in 1938 was invalid because he was not taken before the court at the time, as required by § 2 of the Probation Act, 18 U.S.C.A. § 725, now § 3653. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. This right, which is statutory, rather than constitutional, is a limited one. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. It entitles the probationer only to "an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper." Per Cardozo, J., in Escoe v. Zerbst, supra, 295 U.S. 490, at page 493, 55 S.Ct. 818, at page 820, 79 L.Ed. 1566. The basis of relator's contention here is found in two statements in his verified petition for this writ, the exact import of which may not be entirely clear. In the first he challenges the power of the court to revoke his probation without his being brought before the judge "to hear sentence pronounced." In the second he challenges the power of the court to deny him "the right to a hearing on Probation Revocation, and on his petition for the writ of Habeas Corpus." But whatever the import, the first contention is met by the allegations of respondent's return to the writ, supported by the docket entries on the indictment, that he was arraigned before the judge who sentenced him. Under the new statute, 28 U.S.C.A. § 2248, such an allegation, not traversed, must be accepted as true except to the extent that the judge finds from the evidence that it is not true. Here there has been no attempt to challenge this return; and the clear evidence of the record, showing his arraignment both on this matter and on another major offense at the time and place stated, is to the opposite effect. His second contention, while not met by direct allegations in the return, is sufficiently disposed of on the record itself. The fact that he was arraigned before the same judge who had sentenced him on the new mail fraud indictment which was the basis for vacating his parole, and on the same day, indicates that there was no necessity to "carry the probe deeper."

We are indeed indebted to counsel assigned by the court for his able presentation of this appeal, which has been of the same high standard so uniformly set by those who have assumed these burdensome obligations at the court's request.

Affirmed.