UNITED STATES of America ex rel.
Harold LLOYD, Petitioner-
Appellant,

v.

Frank J. PATE, Warden, Illinois State
Penitentiary, Joliet, Illinois,
Respondent-Appellee.

No. 16926.

United States Court of Appeals
Seventh Circuit.

Jan. 15, 1969.

As Corrected on Denial of Rehearing
Feb. 3, 1969.

Stanley A. Bass (court-appointed), Chicago, Ill., for petitioner-appellant.

William G. Clark, Atty. Gen. of Illinois, Donald J. Veverka, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee; John J. O'Toole, Asst. Atty. Gen., of counsel.

Before MAJOR, Senior Circuit Judge, KILEY and FAIRCHILD, Circuit Judges.

MAJOR, Senior Circuit Judge.

Petitioner, on December 15, 1965, was convicted of robbery in the Circuit Court of Cook County, Illinois, and admitted to probation for a period of five years. On March 23, 1967, he was tried before the same Court (a different Judge) without a jury and convicted on a charge of petit theft, a misdemeanor under Illinois law, and sentenced to one year's imprisonment in the Illinois House of Correction. On June 5, 1967, after a court hearing, petitioner's probation on the robbery conviction was revoked, whereupon he was sentenced to three to six years' imprisonment in the Illinois State Penitentiary, where he is now confined.

On January 17, 1968, a petition for the issuance of a writ of habeas corpus, later amended, was filed in the United States District Court for the Northern District of Illinois, to which the Warden replied, attaching thereto a copy of the mittimus issued on the robbery conviction, following revocation of petitioner's probation.

On March 30, 1968, without evidentiary hearing, the District Court entered the following order:

"The Court having examined and considered the amended petition for writ of habeas corpus filed herein, together with Respondent's return thereto, and being of the view that the contentions advanced in said return are well taken, IT IS ORDERED that the petition for writ of habeas corpus be and it hereby is denied and the action is dismissed."

Following the entry of this order, petitioner moved for proposed findings of fact and conclusions of law to determine the basis for the order of dismissal, which the Court denied. The appeal comes from this order of dismissal.

Petitioner on brief states the contested issues as follows:

"1. Does a United States District Court have power to entertain a petition for writ of habeas corpus filed by a prisoner of the state penitentiary, who challenges the validity of his misdemeanor conviction on constitutional grounds, where, solely on the basis of that misdemeanor conviction, probation on prior felony charges is revoked, and the prisoner is then sentenced to several years imprisonment in the state penitentiary?

"2. Does the constitutional right to assistance of counsel to perfect a non-frivolous appeal of right apply to a case where defendant, while on probation on prior felony charges punishable by imprisonment in the penitentiary, is convicted of an offense punishable by up to one year imprisonment, and where he is, in fact, sentenced to one year's imprisonment, and solely on the basis of that misdemeanor conviction, his felony probation is revoked, and he is then sentenced to several years imprisonment in the state penitentiary?"

While respondent in his reply to the order to show cause raises the point which gives rise to petitioner's first contested issue, he now concedes that the District Court has the power to entertain the petition for the issuance of a writ of habeas corpus under the circumstances of the case. This concession results from two decisions of the Supreme Court, Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, and Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, both of which were rendered subsequent to the Court's order here under attack. Thus, no further consideration need be given to the first contested issue.

In considering the second stated issue, it is pertinent to note that petitioner's

able and astute counsel makes the issue dependent entirely upon the premise that petitioner was denied the constitutional right to the assistance of counsel to perfect a "non-frivolous" appeal from a misdemeanor conviction which resulted in the revocation of probation to which he had been admitted on a previous felony charge. Based on this premise, it is argued that the judgment on the misdemeanor charge was void and, therefore, was improperly utilized as a means for revoking petitioner's probation.

The thrust of petitioner's contention is stated in his brief, "Lloyd's misdemeanor conviction is clearly seen as the 'trigger' for the revocation of his felony probation and the resulting sentence to the state penitentiary. In actual reality, the petit theft conviction 'caused' Lloyd's incarceration in the penitentiary. Had he not been convicted of petit theft, his probation would not have been summarily revoked. The alleged constitutional infirmity of the misdemeanor conviction nullifies the underlying basis for the automatic revocation of probation and sentence to the penitentiary. If petitioner can obtain a forum in which he can show the invalidity of the petit theft conviction, he will become eligible for reconsideration of the revocation of probation. His chances for then obtaining his freedom will thus be greatly enhanced."

We agree with petitioner that the case should be considered here as though the order complained of had been entered on the State's motion to dismiss. This means that we "must accept as true the well pleaded allegations of fact." Greene v. Michigan Department of Corrections et al., 315 F.2d 546, 547. "Mere conclusionary allegations will not suffice." Grant v. State of Georgia, 5 Cir., 358 F.2d 742; Lee v. Wilson, 9 Cir., 363 F.2d 824; Storkes v. People of the State of California, 9 Cir., 364 F.2d 824, 825.

We need make only a brief summary of the alleged facts, quoting those allegations relied upon to demonstrate that an appeal from his misdemeanor conviction would have been "non-frivolous." Petitioner was arrested without a warrant, a part of a general investigation by Chicago police, at 4:30 a. m. on March 2, 1967, while sleeping at the home of his parents. He was detained at the police station and at no time on that day was he brought before a Judge, as required by Chap. 38, Sec. 109–1(a), Ill.Rev.Stats. On March 3, 1967, he was brought before a Circuit Judge on a charge of petit theft allegedly committed on February 9, 1967, and on March 23, 1967, was tried and convicted by the Court sitting without a jury on the petit theft charge, and sentenced to one year's imprisonment. At that trial he was represented by Michael Unger of the Public Defender's office.

The sole allegation as to what took place during the period of his alleged unlawful detention is, "Around 8 p. m. on March 2, 1967, petitioner was placed in a line-up where he was viewed, along with others, by the complainant herein." There is no allegation that he was identified by the complainant or any other person at that time. The sole allegation of any objection to the admission of evidence at the trial is, "Petitioner's objections to admission into evidence of the fruits of his allegedly unlawful detention were properly preserved, and were overruled by the trial judge." What "the fruits of his allegedly unlawful detention" consisted of is not alleged. The allegation of "the fruits of his allegedly unlawful detention" is no more than a conclusion of the pleader.

Notwithstanding this deficiency in petitioner's allegations, he argues on brief, apparently acquiesced in by the State, as though it was alleged that petitioner was identified at the line-up and that the person making such identification testified at the trial, over petitioner's objection. We shall consider the case on such basis.

In support of his contention that evidence obtained during the period of his unlawful detention was erroneously admitted, petitioner relies upon Mallory v.

United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. In that case, the Court was dealing with a felony tried in a Federal District Court and held that a confession obtained from the defendant during a long period of unlawful detention was erroneously admitted. In contrast, we are here considering a State Court prosecution for a misdemeanor. The Illinois Supreme Court has held that the Mallory rule does not of necessity apply to State criminal prosecutions (People v. Harper, 36 Ill.2d 398, 402, 223 N.E.2d 841), and that any delay in presenting an accused to a Judge does not per se vitiate evidence obtained during that period (People v. Underhill, 38 Ill. 2d 245, 251, 230 N.E.2d 837). A petition for certiorari was denied in the *Underhill* case, in which defendant expressly urged that the Supreme Court of the United States make the Mallory rule binding on the State. Underhill v. Illinois, 391 U.S. 912, 88 S.Ct. 1803, 20 L.Ed.2d 651. (This statement is taken from the State's brief.)

█ Petitioner does not argue that the absence of counsel at the line-up rendered the identification inadmissible; he contends that the one-day delay in taking him before a Judge is sufficient in and of itself to make it inadmissible.[1] This argument, if accepted, means that a person in custody is constitutionally insulated from being viewed for the purpose of identification. So far as we are aware, no court has so held and in our judgment the argument is fallacious.[2]

█ Petitioner, represented by counsel, was convicted on the misdemeanor charge in a trial before the Court without a jury. Treating all of the alle-

gations of his petition in the light most favorable to him, as we have attempted to do, there is no basis for the contention that prejudicial error was committed in the trial or that there was any infirmity in the Court's judgment of conviction. An appeal would have been without merit. Therefore, petitioner's contention that it would have been "non-frivolous" is rejected.

██ It is only by assuming, contrary to what we think, that an appeal would have been "non-frivolous," that we reach petitioner's contention that by the failure of either the Court or his counsel to advise him of his right to appeal within the thirty-day period allowed in Illinois, he was deprived of his constitutional right to counsel. The States are free to promulgate their own rules of criminal procedure. Spencer v. Texas, 385 U.S. 554, 569, 87 S.Ct. 648, 17 L.Ed. 2d 606. Thus far, Illinois has required that a defendant be advised of his right to appeal in only two situations, (1) where a defendant has been convicted of a felony (Illinois Supreme Court Rule 605, Ill.Rev.Stat.1967, c. 110A, § 605), and (2) where a defendant indicates to the Judge at trial that he wishes to appeal a misdemeanor conviction. Petitioner in no manner indicated to the Court or counsel his desire to appeal.

Boruff v. United States, 5 Cir., 310 F.2d 918, strongly relied upon by petitioner, is not applicable. The Court there was concerned with a defendant convicted in a Federal Court, who was not advised of his right to appeal by either the Court or his appointed counsel, as required by Rule 37(a) (2) of the Federal Rules of Criminal Procedure.

---

1. The line-up occurred before June 12, 1967 and, therefore, the decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, would not be applicable in any event, under Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

2. Petitioner on brief states, "The substantiality of this issue is demonstrated by the recent order of the United States Supreme Court, on May 27, 1968, granting certiorari in Palmieri v. Florida, No. 585 Misc., 391 U.S. 934, 88 S.Ct. 1850, 20 L.Ed.2d 853, to decide this very same question." On December 9, 1968, the Supreme Court dismissed certiorari in this case on the ground that the writ was "improvidently granted, 393 U.S. 218, 89 S.Ct. 440, 21 L.Ed.2d 389."

In United States ex rel. Bjornsen v. LaVallee, 2 Cir., 364 F.2d 489, the Court in considering a situation similar to that here stated (page 490):

"Appellant concedes that he never asked anyone representing the State for advice on his right to appeal or for assignment of counsel on appeal, and never informed any representative of the State of his desire to appeal. * * * His claim of constitutional deprivation necessarily rests on the assertion that the State had an affirmative obligation to advise him of his right to appeal and of the procedure to enforce that right. It would unquestionably have been commendable if the State had afforded such advice, see *Mitchell*, supra, 358 F.2d 922 at 925 n. 2; F.R.Crim.P. 32(a) (2), eff. July 1, 1966, 39 F.R.D. 263 (1966); but the Constitution has not yet been held to require that such advice be furnished. [Citing cases.]"

To the same effect see Pate v. Holman, 5 Cir., 341 F.2d 764, 775; Given v. Boles, D.C., 249 F.Supp. 886, 888.

Petitioner in his reply brief states, "It is important to note, however, that this Court is not now compelled to decide the broad question whether, in every case, a convicted misdemeanant is entitled to the assistance of counsel to perfect an appeal, and to advice concerning his rights. The case at bar involves the infrequent factual situation of a person who, while on probation on felony charges, is then convicted of a serious misdemeanor, which has the triggering effect of revocation of the probation and imposition of a penitentiary sentence for a term of years." In essence, this argument, consistent with the stated contested issue, means that under the circumstances the misdemeanor conviction should be treated as a felony. We are not convinced that this argument should prevail.

We conclude and so hold that petitioner's petition for the issuance of a writ of habeas corpus was properly dismissed. The order appealed from is

Affirmed.