UNITED STATES of America ex rel. Thaddeus KENDZIERSKI, Petitioner-Appellant,

v.

Elza BRANTLEY, Warden, Respondent-Appellee.

No. 18680.

United States Court of Appeals, Seventh Circuit.

Aug. 6, 1971.

Stanley A. Bass, New York City, for petitioner-appellant.

Wm. J. Scott, Atty. Gen., Robert E. Davison, James B. Zagel, Warren K. Smoot, Asst. Attys. Gen., Chicago, Ill., for respondent-appellee.

Before FAIRCHILD, CUMMINGS and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

The issue raised by this appeal is whether the facts alleged in Kendzierski's habeas corpus petition require an Illinois court or a federal court either to hold an evidentiary hearing or to examine the record of the proceedings which led to his incarceration in the Illinois State Penitentiary. He is presently in custody, possibly for life, as the result of a verdict returned by a jury in the First Municipal District of the Circuit Court of Cook County on July 12, 1968. He has asked three courts to review the validity of his conviction, but each, for a different reason, declined to do so.

Kendzierski's verified petition for a writ of habeas corpus was filed in the court below on December 5, 1969. He alleged that he "was arrested on a charge of indecent liberties and was ordered incarcerated for failure to provide bail." While in custody, he was questioned by two state-appointed psychiatrists, who obtained from him incriminating and prejudicial statements which were later introduced against him at his trial for being a sexually dangerous person. He further alleged that he was not advised of his right to remain silent or that he had the right to the presence of an attorney, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

As a second contention in his petition, Kendzierski alleged that when the judgment of commitment was entered, he was financially unable to employ counsel to prosecute an appeal; that neither the court nor his trial counsel advised him of the procedure or time required for an appeal; that he understood that he could appeal within 120 days and did in fact attempt to do so on October 24, 1968. Counsel was then appointed to represent him on appeal, but both the Illinois Appellate Court and the Illinois Supreme Court thereafter denied leave to appeal, presumably because the notice was not timely and it was also too late for either court to allow an appeal as a matter of discretion. Kendzierski contends, therefore, that he was unconstitutionally deprived of his right to appeal because of his indigence, lack of counsel, and lack of knowledge of the time requirements for filing a notice of appeal.

After examining Kendzierski's petition, the district court entered an order requiring the warden to show cause why the writ should not issue. Respondent was then allowed an extension of time in order to obtain a transcript of the trial record. Thereafter, he filed an unverified return to the rule to show cause which contained a number of factual representations that we assume (without being so advised) are based on an examination of that transcript. The transcript itself does not appear to have

been provided to Kendzierski, to his court-appointed counsel, or to the court.

In reliance on the unverified return, to which no traverse or other response was filed, the district court denied the petition for a writ of habeas corpus and prepared a memorandum which contains findings of fact relating to both of Kendzierski's contentions. The memorandum stated in part:

> The response to the show cause order states that the petitioner was tried and found to be a sexually dangerous person by a jury and civilly committed to the psychiatric branch of the Illinois Department of Public Safety on July 15, 1968, pursuant to Ill.Rev.Stat.1967, Ch. 38, § 105(1–12) "The Sexually Dangerous Persons Act."

> The response further shows that the privately retained counsel was present when the trial court directed the psychiatric examination; that counsel objected to the examination; that the petitioner was out on bond during the examination, and that the psychiatrists testimony related only to petitioner's mental state as permitted by statute.

> \*   \*   \*   \*   \*   \*

> As to denial of leave to file notice of appeal late this court finds that the petitioner \* \* \* was not ignorant as to the required time for appeal. \* \* \*

In their briefs in this court, both parties seem to assume that we should accept petitioner's version of the facts for the purposes of decision.[1] On this assumption, Kendzierski has raised two serious constitutional questions. Claims

comparable to his *Miranda* contention have recently been held sufficient by an Illinois appellate court, People v. Potter, 85 Ill.App.2d 151, 228 N.E.2d 238 (4th Dist. 1967), and by the Supreme Court of Indiana, Haskett v. State, 263 N.E.2d 529 (1970). And this court recently held that it was constitutional error for an Illinois appellate court to refuse to hear a late appeal from a conviction for a serious misdemeanor when neither the trial judge nor counsel had advised appellant of his right to appeal, and he was in fact ignorant of that right. United States ex rel. Singleton v. Woods, 440 F.2d 835 (7th Cir. 1971).

If we accept respondent's version of the facts, as the district court did, the constitutional issues are obviously quite different. The return to the rule to show cause indicates that Kendzierski was represented by counsel before the psychiatric examination, that he was not in custody at the time of the examination, and that the testimony of the psychiatrists did not include any admissions of prior misconduct by petitioner. Similarly, if the finding that Kendzierski in fact knew of the time for appeal is supported by evidence, his second contention may not raise the legal question which the parties have argued. We must, therefore, consider which version of the facts is controlling.

Under the common law procedure, the respondent's return, unless traversed, spoke the truth without qualification. Crowley v. Christensen, 137 U.S. 86, 94, 11 S.Ct. 13, 34 L.Ed. 620. The habeas corpus statute, as amended in 1948, gives the return only qualified credence. It provides, in part:

> The allegations of a return to the writ of habeas corpus or of an answer

1. They apparently rely on our decisions in United States ex rel. Lloyd v. Pate, 406 F.2d 617 (7th Cir. 1969), and Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969). This reliance is misplaced. In *Lloyd* the trial judge had dismissed appellant's petition after concluding that "the contentions advanced in [respondent's] return are well taken." No findings of fact or conclusions of law had been entered. In those circumstances we treated the order of dismissal as if it had been entered in response to a motion to dismiss. *Schnell* is not a habeas corpus case and, therefore, is not in point. See 28 U.S.C. § 2248; F.R.Civ.P. 81(a)(2); see generally Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281.

to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true. 28 U.S.C. § 2248.

Even if factual statements in the return are not traversed, they may be rejected "to the extent that the judge finds from the evidence that they are not true." In this case the evidence which forms the basis for the judge's findings presumably consists of the transcript of Kendzierski's trial. Cf., 28 U.S.C. § 2245. Yet that transcript was not made available either to Kendzierski's court-appointed counsel or to the court itself. We believe that factual averments going beyond a simple explanation of "the true cause of [applicant's] detention,"[2] at least to the extent that they are predicated on a trial transcript, should be subject to scrutiny by the court, with the benefit of an adversary presentation by both parties. *Cf.* United States ex rel. Adamantides v. Neelly, 191 F.2d 997 (7th Cir. 1951); United States ex rel. Edelson v. Thompson, 175 F.2d 140 (2nd Cir. 1949); see also United States ex rel. Rongetti v. Neelly, 207 F.2d 281 (7th Cir. 1953).

Both parties—not just one—should be afforded an opportunity to argue the relevant facts to the district court. Only after that has been done will it be possible to determine whether an evidentiary hearing is necessary in this case, or whether Kendzierski has raised constitutional questions which must be decided.

The order denying the application for a writ of habeas corpus is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

2. 28 U.S.C. § 2243 provides, in part:
   The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.