FILED
United States Court of Appeals
Tenth Circuit

March 18, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHRISTOPHER J. BELLIN,

      Petitioner-Appellant,

v.

RICHARD SMELSER, Warden;
JOHN SUTHERS, The Attorney
General of the State of Colorado,

      Respondents-Appellees.

No. 08-1395

(D.C. No. 08-cv-1478-ZLW)
(D. Colorado)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

---

Christopher Bellin, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial

of his 28 U.S.C. § 2254 application for federal habeas relief.  Because Bellin has

failed to satisfy the standards for the issuance of a COA, we deny his request and

dismiss the matter.

I

In February of 1994, Bellin was charged in Colorado state district court

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

with five counts of sexual assault on a child by one in a position of trust, in violation of Colo. Rev. Stat. § 18-3-405.3(1) and (2). In June of 1994, Bellin pled guilty to three of those counts. On October 13, 1994, Bellin was sentenced to eight years' imprisonment on each count, with the sentences to be served concurrently.

On February 1, 1995, Bellin moved for a reduction or modification of sentence pursuant to Colo. R. Crim. P. 35(b). Over two years later, on April 24, 1997, the trial court granted Bellin's motion and resentenced him to a twelve-year term of sex offender probation.

On September 30, 2004, the State of Colorado moved to revoke Bellin's probation. In an affidavit filed in support of the motion, Bellin's probation officer stated that Bellin had been charged with second degree burglary, attempted sexual assault, and unlawful sexual contact. The State of Colorado subsequently filed amended motions to revoke alleging that Bellin had been terminated from sex offender probation and had failed to comply with global positioning system monitoring.

On October 21, 2005, Bellin and the State entered into a written agreement entitled "Statement of Disposition - Revocation." ROA, Vol. 1, Doc. 12, Exh. B at 3. Under the terms of the agreement, Bellin confessed to the allegations in the State's original motion to revoke. Further, the parties agreed that "sentencing on each count" set forth in the motion to revoke would "be left open to the discretion

2

of the Court," that "[t]he sentencing range on each count [would] be from 2-8 years," and that the question of "[w]hether counts [would be] consecutive or concurrent [would be] left open to the Court." Id., Exh. C at 2. On January 5, 2006, the trial court sentenced Bellin to eight years' imprisonment on each count confessed by him, with the sentences on each count to be served consecutively.

Bellin appealed his sentences, arguing that, because he "was originally sentenced . . . to a legal sentence of three concurrent eight-year sentences, the [trial] court violated the Double Jeopardy Clauses of the United States and Colorado Constitutions by increasing [his] prison sentence . . . to three consecutive eight-year terms, for a total of twenty-four years." Id., Exh. B at 5. On December 27, 2007, the Colorado Court of Appeals (CCA) affirmed Bellin's sentences, concluding that Bellin had invited the alleged error by entering into a plea agreement that granted the trial court authority to order the sentences to be served consecutively. On May 12, 2008, the Colorado Supreme Court denied certiorari review.

Bellin then initiated this action by filing a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Bellin alleged, as he had on direct appeal, that the consecutive sentences imposed by the trial court violated the Double Jeopardy Clauses of the United States and Colorado Constitutions. Bellin also alleged that the CCA erred in applying the invited error doctrine to his case. On October 6, 2008, the district court denied Bellin's

3

application and dismissed the matter. In doing so, the district court rejected Bellin's double jeopardy claim, concluding that "[a] court is able to impose any sentence in a revocation proceeding which originally might have been imposed," id., Doc. 14 at 6 (citing Gillespie v. Hunter, 159 F.2d 410, 412 (10th Cir. 1947)), and that "any expectation of finality in a sentence is absent when a defendant agrees, as . . . Bellin did in the Statement of Disposition-Revocation, . . . to leave to the discretion of the court whether any resentences would be served concurrently or consecutively." Id. (citing Ward v. Williams, 240 F.3d 1238, 1242 (10th Cir. 2001)).

Bellin filed a timely notice of appeal. The district court denied Bellin a COA and denied him leave to proceed on appeal in forma pauperis (IFP). Bellin has now renewed his requests for COA and IFP status with this court.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

4

issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After carefully reviewing Bellin's appellate pleadings and the record on appeal, we conclude he has failed to establish that reasonable jurists could debate whether his habeas petition should have been resolved in a different manner by the district court. "The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment," "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." Monge v. California, 524 U.S. 721, 727-28 (1998). Importantly, however, "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." United States v. DiFrancesco, 449 U.S. 117, 137 (1980). Indeed, as exemplified by Bellin's own case, both the United States Congress and numerous state legislatures have "established many types of criminal sanctions under which the defendant is unaware of the precise extent of his punishment for significant periods of time, or even for life, yet these sanctions have not been considered violative of the Clause." Id. "Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." Id.; see Johnson v. United States, 529 U.S. 694, 700 (2000) (noting that "postrevocation sanctions" are considered "part of the penalty for the initial offense").

5

We therefore DENY Bellin's request for a COA and DISMISS the matter.

Bellin's motion for leave to proceed IFP on appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge